310 So.2d 504

**Oscar Lee JOHNSON, alias**

v.

**STATE.**

**6 Div. 749.**

Court of Criminal Appeals of Alabama.

April 1, 1975.

Earl F. Hilliard, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and David L. Weathers, Birmingham, Asst. Atty. Gen., for the State.

 

HARALSON, Supernumerary Circuit Judge.

The appellant was convicted of robbery and punishment fixed at imprisonment in the penitentiary for twenty-five years.

The record shows that the indictment was returned in the circuit court of Jefferson County on June 8, 1973. At the time of arraignment, September 28, 1973, the court found the appellant to be indigent and unable to employ counsel and accordingly Honorable Earl F. Hilliard, an attorney, was appointed to represent him. At arraignment the appellant, accompanied by his attorney, interposed a plea of not guilty and the case was set for trial on November 12, 1973. It was passed for trial from time to time up to April 15, 1974 and actually came to trial on April 18, 1974. On this date the attorney for the appellant, before entering upon the trial of its merits, moved the court for a continuance on the grounds that he had not had an adequate opportunity to prepare the case. From the argument in support of this motion it appears appellant had been in Jefferson County approximately a total of ten days since the appointment of his attorney at arraignment. No further argument, pro or con, appears to have been made with regard to the motion, which was overruled by the court.

From the record it appears we can fairly assume the appellant had been incarcerated during most of the time which elapsed between the date of the appointment of his attorney and the date of trial. There is some evidence that he was an escapee from the lawful authorities at the time he was arrested but the date of the escape or the length of it is not apparent from the record.

The testimony presented by both the State and the appellant seems to be fairly summarized in brief filed by Appellee. We adopt it and set it out as a substantial statement of facts as reflected by the record as follows:

"On Friday, June 15, 1972, at approximately 2:00 p.m., the appellant came into the Bel-Aire Finance Company ostensibly to make a loan. In the office at that time was a Mr. Raymond Walker, the manager of the Bel-Aire Finance Company and a Mrs. Robbie Vann, the cashier. The appellant stated to Mr. Walker that he desired to borrow $600.00 and that he worked for the Pepsi Cola Bottling Company. Walker told the appellant that he could not make that large a loan and suggested that he try next door. The appellant thanked him and turned to go. Walker looked back at his desk at a newspaper, and the appellant stepped around the corner with a shotgun in his hand and said, 'This is a hold up.'

"During the course of the robbery, a customer, Mr. Conway Webb, came into the finance company. Mr. Webb apparently saw the appellant with the shotgun in hand and turned to walk out of the building. The appellant then told Webb, 'Boy, come here.' The appellant then demanded that Walker put the money in a shopping bag. The appellant took $650.00 from the Bel-Aire Finance Company and $50.00 from Mr. Walker's wallet. The appellant then ordered Mr. Walker, Mrs. Vann, and Mr. Webb into the bathroom in the back of the office and shut the door. Shortly thereafter, Mr. Walker kicked a hole in the bathroom wall which connected with an office next door, and asked the man in the adjoining office to call the police. The police arrived at the Bel-Aire Finance Company approximately ten minutes thereafter.

"On cross-examination, Mr. Walker testified that he looked at between 15 and 20 black and white photographs of individuals

and that he recognized one of them about three-quarters of the way through the stack to be that of the appellant. On re-cross, Walker further testified that the robbery occurred on Friday, and that he viewed the photographs on Monday.

"The state next called Mrs. Robbie Vann, who was the cashier of the Bel-Aire Finance Company at the time of the alleged robbery. On direct examination, she testified substantially to the same effect as Mr. Walker. On cross-examination, Mrs. Vann testified that the Monday following the robbery she was shown some pictures but that she did not know if any of the pictures shown to her were the same man that robbed the finance company. She further stated that she did not identify any one of the pictures. She also stated that she was not present at the time that Mr. Walker viewed the pictures. After having called Mrs. Vann, the state rested.

"The first witness for the defense was the appellant, Oscar Lee Johnson. He testified that around June 15, 1972, he was in Atlanta, Georgia, and had been there from the early part of June until the first or third of July, and had been visiting a friend. On cross-examination, he testified that on August 26, 1968, he was convicted of assault with intent to rob. He testified further that he was convicted on April 8, 1970, of robbery. He stated that the reason that he was in Atlanta was because he was an escapee.

"On rebuttal, the state called Mr. Conway Webb. Mr. Webb testified that on the occasion in question, he went to the Bel-Aire Finance Company, and that he walked in and a man was standing there. He walked close enough to see what the man was holding and started to walk back out the door. He stated that the man told him 'to get over there and sat down'. Mr. Webb made an in-court identification of the appellant as the man in the Bel-Aire Finance Company on the day of the rob-bery. On cross-examination, Mr. Webb testified that he viewed approximately 10 pictures, and out of these pictures, he picked out the appellant, Oscar Lee Johnson, as the perpetrator of the robbery.

"The appellant recalled Mr. Raymond Walker to the witness stand. At this point in the testimony, Mr. Walker testified substantially to the same facts that he had previously testified to regarding the identification of the appellant out of the fifteen or twenty photographs shown to him on the Monday following the robbery. He further testified that he had viewed the picture of the appellant more than twice. He testified that the last two times that he viewed the picture was while it was attached to a folder, alone, which was in the hands of the District Attorney. The picture of the appellant as viewed by Mr. Walker, was on the folder of the Assistant District Attorney, and was viewed by Mr. Walker on the day of the trial."

Although the sufficiency of the testimony to support a conviction of robbery is not before us, it is ample to support the verdict of the jury and to have raised this question in the lower court would have been to no avail.

The first proposition of law relied upon by appellant for reversal in this case is set out in brief of appellant as follows:

"When any person indicted for a capital offense is without counsel the court must appoint counsel and counsel must be allowed access to him, if confined, at all reasonable hours. The constitutional guarantee of assistance of counsel cannot be satisfied by mere formal appointment, but the appointed counsel must have an opportunity to consult with the accused and to prepare his defense. Code of Alabama, Title 15, Section 318; Code of Alabama, Title 14, Section 415; Avery v. State of Alabama, 308 U.S. 444, 60 S.Ct. 321 [84 L.Ed. 377]; Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 265

[55, 77 L.Ed. 158]; Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045 [16 L.Ed.2d 84]."

The record, of course, shows that counsel was appointed in compliance with Alabama statutory law (Code of Alabama, 1940, Recompiled 1958, Title 15, Section 318) and there is no contention or evidence that counsel was denied access to appellant by any person, in whose charge he was, at any time during appellant's confinement. The contention is made that during the continuance of the service of counsel by appointment to represent appellant, he (appellant) was in custody of the State Prison Officials for more than eight months and was in Jefferson County approximately ten days. The argument is made that the appointment was merely a formality in order to satisfy the legal requirements, but was in fact meaningless. But with this contention we do not agree. The record shows counsel was first appointed at arraignment and that during the next eight months or so the appellant was in Jefferson County, in custody of the law enforcement authorities there some ten times and in court on several occasions in connection with this case and another. Nowhere in the evidence or the record is there any indication that counsel tried to get in touch with appellant or appellant tried to get in touch with counsel and failed. We cannot presume that counsel did not do his duty, especially in view of our impression based upon the record that the conduct of the appellant's counsel was thorough and professional. The record shows that the witnesses for the State were extensively and searchingly cross-examined and the appellant's testimony was well developed and presented to the court.

It is true appellant complained that he did not know that the attorney appointed to represent him was in fact Mr. Hilliard. However, we do not think this claim is substantiated by this bare assertion by appellant, in view of the fact that his court appointed attorney was present with him in open court when the appointment was made and when the plea of not guilty was entered. In another case in which he was charged with robbery which had been appealed and of which we take judicial notice, the appellant knew that another court appointed attorney, Mr. Zanaty, represented him and he claimed to be dissatisfied with this representation.

We quote from the case of Avery v. State, 237 Ala. 616, 188 So. 391, as being appropriate to this case.

"Here the appointment of counsel was no mere 'empty formality', as insisted in brief, with citation of Powell v. State, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527. This case presents no analogy to the Powell case, supra, nor to the other authorities called to our attention, * * *."

■ The matter of continuance was in the sound discretion of the court and will not be disturbed unless a gross abuse of that discretion appears. Alabama Digest, Volume 6, Criminal Law, ☜586 et seq. We do not think the appellant was denied a fair trial by the action of the court in overruling his motion for a continuance.

■ The further argument is made that the in-court identification of appellant was not sufficiently independent of outside sources; but that it was, in fact, tainted by the action of some of the law enforcement officers in showing pictures of the appellant, before his arrest, to the witnesses who testified for the State. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Wooten v. State, 46 Ala. App. 728, 248 So.2d 766; and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L. Ed.2d 1199.

In this case it appears that each of the State witnesses referred to were shown several photographs, not less than ten being shown to the witnesses and the appellant's picture was identified from the entire number in each instance, by two of

the witnesses. It does appear that on the day of trial or the day before that one or more witnesses also saw a photograph of the appellant which was attached to the file folder of the assistant district attorney.

But under the testimony as a whole we think the holding in the case of Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, that the presentation to the witness of several photographs including one of the defendant, if conducted fairly, is not so suggestive as to influence the witness in his choice. This principle has been recognized and followed in the case of Ross v. State, 46 Ala.App. 88, 238 So.2d 887 and Williams v. State, 51 Ala. App. 1, 282 So.2d 349.

From the record we conclude that two of the three witnesses, Walker and Webb, who had the opportunity to confront the appellant during the time of the robbery, made positive identification of him from the photographs shown them before his arrest and also made positive in-court identification of appellant based on confrontation with him as referred to above.

We see no reason for this court to hold the testimony of these witnesses inadmissible but we are of the opinion that this testimony was properly allowed to be considered by the jury in arriving at its verdict.

From a careful review of the entire record, we have found no error injurious to the substantial rights of appellant and the case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.