LEIGH M. CLARK, Supernumerary Circuit Judge.
Appellant was sentenced to five years imprisonment in the penitentiary on a conviction of a violation of the Alabama Uniform Controlled Substances Act, Code of Alabama, 1973 Cum. Supp., Tit. 22, § 258(25) et seq.
Two separate propositions are advanced as bases for a reversal:
(1) That the trial court was in error in ordering the trial of this particular case prior to the trial of another case against the same defendant on an indictment in the same language as the indictment in this case, which other case was one case ahead of this case on the docket; and
(2) That the trial court was in error in charging the jury in effect that it could not find defendant guilty of any offense other than that of a sale of the controlled substance.
Appellant’s brief sets forth as his statement of the facts the following:
“In March, 1976, the Covington County Sheriff’s Department along with officers of the ABC Board, Enforcement Division, contrived a plan to make a purchase of marijuana from Williams. The plan involved the use of a non-officer, Chester Kirksey, and it was this individual who was supposed to make the buy from Williams. The plan was for Kirksey to take a marked twenty-dollar bill and make a buy from Williams in Opp, Alabama. *217 Kirksey went to Opp on Tuesday before the actual arrest was made with the intention of making a buy but claimed he could not find Williams. On that trip he went alone. The very next day he returned to Opp along with the above-mentioned officers and he stated that he made a buy of marijuana from Williams and that he gave Williams the marked twenty-dollar bill that the officers had given him.
“Williams was arrested shortly thereafter by Deputy Sheriffs George Szpeck and Howard Easley and searched; the twenty-dollar bill could not be found.”
To appellant’s statement of the facts it should be added that appellant testified in his own behalf and admitted the car ride with Kirksey, during which, according to Kirksey, he bought a lid of marijuana from Williams, but appellant denied that such a transaction took place. He said that Kirk-sey told him of the plan of the officers to have Kirksey buy marijuana from defendant.
There was testimony that after Kirksey alighted from the car of defendant, he threw a white plastic bowl containing two lids of marijuana out of the door of the car. The officers stopped the automobile, arrested defendant, searched his automobile and found a partially smoked marijuana cigarette therein, as well as a silver spoon and a syringe.
Three indictments were returned against defendant; all charging in the same language, a violation of the Alabama Uniform Controlled Substances Act, one count in each indictment alleging the substance to be marijuana and another count alleging it to be tetrahydrocannabinols.
There was evidence that the substance that Kirksey said defendant sold him contained both marijuana and tetrahydrocan-nabinols. There was also evidence that the partially smoked cigarette found in the automobile of defendant and the package thrown from the automobile of defendant contained marijuana and tetrahydrocanna-binols. Both are listed as controlled substances. Code of Alabama 1940, 1973 Cum. Supp., Tit. 22, § 258(29)(d).
The three cases against defendant were numbered 6504, 6505 and 6508. Case No. 6505 was the one tried. All three were set for trial on the same day. When Case No. 6504 was called, defendant announced ready, but the State made it known that it desired that that case be put off until after the trial of No. 6405, and announced ready as to No. 6405. There was considerable discussion among counsel for both sides and the court.
We do not understand that defendant took the position, or that appellant now takes the position, that it was not discretionary with the court to try the second case first. He moved for a continuance of the case tried “ . . . to allow this Defendant time to make the proper and necessary and appropriate motions to determine the difference in the offense as alleged in the three indictments. . . . ”
We fully understand that there could have been some misunderstanding on the part of defendant’s counsel as to which of the three cases against defendant set for the same day constituted Case No. 6505, as the indictment in each case charged that defendant “did intentionally and unlawfully possess, sell, furnish, or give away the particular controlled substances alleged.” However, during hearing on defendant’s motion for a continuance, it was made clear to all concerned that the particular case to be tried, and which was tried, involved the alleged sale of marijuana to Chester Kirk-sey in Opp while Kirksey was in the automobile driven by defendant. There is no contention that there was any other occasion on which defendant sold Chester Kirk-sey marijuana while Kirksey was in defendant’s automobile. Although the three indictments against the same defendant containing identical language could easily lead to confusion, there was no confusion or uncertainty as to the identity of the offense relied upon by the State as constituting the offense for which defendant was tried. The record is clear that case numbered 6504 was for possession of marijuana found the next day in defendant’s residence. The rec *218 ord does not show how much marijuana was claimed to have been found in defendant’s possession, whether more than enough to show that it was not for his personal use only, which thereby would present defendant an opportunity for a reduction of the offense from a felony to a misdemeanor. Code of Alabama 1940, 1973 Cum. Supp., Tit. 22, § 258(47).
Notwithstanding the desire of defendant to try Case No. 6504 ahead of Case No. 6505 and the possible tactical advantage that would have thereby accrued to him, appellant shows no substantial injury to him as a result of the trial of Case No. 6505 first. The record does not show why the State preferred to try it first; it does not show whether the State was ready to try 6504, but it does show that defendant was prepared, as well as he could be, to try Case 6505 at the time.
In the absence of any showing of any prejudice whatever to defendant, it is clear that the overruling of defendant’s motion for a continuance of the trial of the case now before us was well within the discretion of the trial court. In the absence of an abuse of such discretion, the action of the trial court is not reviewable. Johnson v. State, 54 Ala.App. 581, 310 So.2d 504; Luckie v. State, 55 Ala.App. 642, 318 So.2d 337, cert. denied, 294 Ala. 764, 318 So.2d 341; Brown v. State, 53 Ala.App. 674, 304 So.2d 17, cert. denied, 293 Ala. 746, 304 So.2d 27.
Appellant relies upon Powers v. State, 49 Ala.App. 690, 275 So.2d 369 (1973) to support the contention that under the evidence in the case defendant could have been convicted of the possession of marihuana for his personal use only. Such offense on first conviction constitutes a misdemeanor. Code of Alabama 1973 Cum. Supp. Tit. 22, § 258(47). In Powers, no sale of marijuana was involved. There was possession only. It was held:
“The jury could have inferred from the evidence that the defendant had the marihuana for his personal use only. The jury was entitled to consider the small quantity found plus the evidence of Dr. Grubbs, the State Toxicologist, who testified that ‘some of the marijuana is sold in match boxes, but it is also carried in match boxes for addicts — it could be either.’ ...”
In the course of the proceeding in the trial court, including the argument on the motion for a continuance, the State was limited to the charge that a sale of marijuana had been made by defendant to Kirksey while the two were in the automobile on the occasion testified to by both of them. Although there was evidence that there was other marijuana in the automobile at the time, as demonstrated by defendant’s throwing two lids of marijuana therefrom and the finding of a partially smoked cigarette therein, the possession thereof by defendant was disclaimed by the State as a charge in the case tried, and such evidence was only circumstantial and incidental to the charge against defendant in the case tried.
Selling marihuana is inconsistent with possession of marihuana for personal use only. The guilt of defendant turned on whether he made a sale to Kirksey, as testified by Kirksey, or, on the other hand whether he did not make a sale, as testified by defendant. The testimony of the one is not reconcilable with the testimony of the other. There was no middle ground. The only factual finding possible, consistent with the evidence, was either a finding of not guilty or a finding of guilt of selling marihuana. The court was not in error in charging accordingly.
Any contention by appellant that the injection into the evidence in this case of the testimony as to the other two lids of marihuana, and the stub of a marihuana cigarette, constitutes double jeopardy as to any charge against defendant for the possession of such items, is a matter to be raised if and when any such charge is made or pressed against defendant.
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
*219 The foregoing opinion was prepared by Supernumerary Circuit Judge Leigh M. Clark serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945 as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.