LEIGH M. CLARK, Retired Circuit Judge.
Appellant-defendant was charged in each of two separate indictments with the sale of marijuana. The two cases were tried together. A jury found him not guilty in one case and found him guilty in this case now on appeal. The court sentenced him to imprisonment for two years.
The record indicates, although it does not conclusively show, that the consolidation for trial of the two cases was with the defendant’s consent. No contention to the contrary is made on appeal.
There was positive testimony by an undercover agent that defendant sold him a small amount of marijuana on a particular day and that on another particular day he sold him a larger quantity of marijuana. Defendant testified that, as to the sale of the smaller amount of marijuana, he did accept five dollars for it, but that under all the circumstances he did not consider it an actual sale, taking the position that he would have given the person, whom he did not know, the marijuana. As to the larger quantity of marijuana, he admitted as a witness for himself that he accepted $135.00 therefor, but he endeavored to explain away that transaction as a sale, perhaps without a total absence of apparent sincerity, but it was not convincing enough to keep the jury from finding him guilty of the sale of the mentioned larger quantity. The presentation of a jury question is not here questioned, and we are convinced that there is no reasonable basis for questioning it.
Appellant bases his only argument for a reversal on the court’s refusal of the following written charges requested by defendant:
“24. I charge you that the offense of possession of marijuana is a lesser and included offense of selling marijuana.
*744 “25. I charge you that an indictment for the sale of marijuana also embraces a charge of possessing marijuana.
“26. I charge you that any person who possesses any marijuana for his personal use only is guilty of a misdemeanor.”
Neither charge 24 nor charge 25 states a correct proposition of law. The controlling statutory law on the point is Code 1975, § 20-2-70(a), which provides in pertinent part:
“Except as authorized by this chapter, any person who possesses, sells, furnishes, gives away, . . . controlled substances ... is guilty of a felony . ; provided, that any person who possesses any marihuana for his personal use only is guilty of a misdemeanor
Possession of marijuana is not a lesser included offense, but it is a co-ordinate offense to the crime, and to a charge, of selling marijuana.
The possession of marijuana for personal use only is antipodal to the crime of selling marijuana. In an appropriate case charging possession of marijuana, its possession for personal use only may constitute a lesser included offense. Defendant’s charge 26 states abstractly a correct proposition of law, but it cannot be applied to the facts in this case, in which the sole issue presented is whether defendant made a sale of marijuana as charged in the indictment.
“Selling marihuana is inconsistent with possession of marihuana for personal use only. The guilt of defendant turned on whether he made a sale to Kirksey, as testified by Kirksey, or, on the other hand whether he did not make a sale, as testified by defendant. The testimony of the one is not reconcilable with the testimony of the other. There was no middle ground. The only factual finding possible, consistent with the evidence, was either a finding of not guilty or a finding of guilt of selling marihuana. The court was not in error in charging accordingly.” Williams v. State, Ala.Cr.App., 356 So.2d 216, 218, cert. denied 356 So.2d 219 (1977)
Charges 24, 25 and 26 were correctly refused.
Our review of the record discloses no error prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment appealed from his hereby
AFFIRMED.
All the Judges concur.