* Reporter of Decisions' note: The petition for writ of certiorari was filed under the name "Ricky Len Buice (Re: Ricky Len Buice v.State)."
The appellant, Rick Buice, was convicted of the unlawful sale of a controlled substance, in violation of § 20-2-70(a),Code of Alabama 1975. He was sentenced as a habitual felony offender to 12 years in the state penitentiary.
The evidence tended to show that on September 17, 1987, Karen Tucker, an undercover narcotics officer with the Etowah County Sheriffs Department, picked up a confidential informant at the informant's residence and went to a residence in northwest Attalla. Officer Tucker testified, based on her observation of a street sign, that the two went to a residence at "107 Lister Avenue." Once at the residence, Officer Tucker and the informant knocked on the door, and a man, whom Officer Tucker identified at trial as the appellant, opened the door and let them in. Officer Tucker asked the appellant if he had what they had come for, at which time the informant went back outside and waited in the car. The appellant told Officer Tucker that he would be back in a minute, and he went to a back room. A few minutes later, the appellant returned and handed Officer Tucker a small clear cellophane sandwich bag containing a brown plant material. Officer Tucker took the bag and placed it inside her purse and gave the appellant $35. At trial, both parties stipulated that the brown plant material sold to Officer Tucker was indeed marijuana.
The appellant raises four issues on appeal.
 I
The appellant first contends that there was a fatal variance between the evidence and the indictment and that, therefore, the trial court erred in not granting his motion for a directed verdict. More specifically, the indictment alleged that the transaction occurred on "Lister Avenue." However, at trial, it was shown that there is no "Lister Avenue" in Attalla, Alabama, but that there is a Lester Avenue.
There must be a material variance between the indictment and the evidence before a conviction will be overturned. Smithv. State, 551 So.2d 1161 (Ala.Cr.App. 1989); Perry v.State, 549 So.2d 119 (Ala.Cr.App. 1988). "A variance is not a material variance unless it misleads the accused or is substantially injurious to him in making his defense."Phillips v. State, 446 So.2d 57, 62 (Ala.Cr.App. 1983), cert. denied, Phillips v. Alabama,467 U.S. 1254, 104 S.Ct. 3541, 82 L.Ed.2d 845 (1984). Section 15-8-31,Code of Alabama 1975, states that an indictment need not allege where the offense was committed; thus, the variance in the case at bar is not material. See Carroll v.State, 440 So.2d 1168 (Ala.Cr.App. 1983). Therefore, the trial court did not err in denying the appellant's motion for a directed verdict.
 II
The appellant's second contention is that the evidence at trial was insufficient to sustain a conviction. The only witness to testify at trial was Officer Tucker. The appellant argues that two alleged inconsistencies in Officer Tucker's testimony and *Page 57 
her police report render her testimony not credible. Thus, the appellant argues, the State failed to meet its burden of proof.
In Jones v. State, 469 So.2d 713 (Ala.Cr.App. 1985), Judge Bowen wrote:
 " '[A] jury may believe part of the evidence of a witness and reject part.' Cochran v. State, 42 Ala. App. 144, 147, 155 So.2d 530, cert. denied, 275 Ala. 693, 155 So.2d 533 (1963). 'In order to convict the defendant the jury was not required to accept as true every statement of the witnesses.' Freeman v. State, 37 Ala. App. 623, 630, 74 So.2d 513, cert. denied, 261 Ala. 697, 74 So.2d 520 (1954). 'Conflicting evidence should be reconciled by the jury, if possible, and if they can not reconcile it, they may base their verdict on that part of the testimony which they consider worthy of credit, and reject that which they deem to be unworthy of belief. Inconsistencies and contradictions in the testimony of a witness do not make it inherently improbable.' Arnold v. State, 33 Ala. App. 146, 30 So.2d 587 (1947). 'It is not the law that mere contradicting statements or declarations of a witness are sufficient to raise a reasonable doubt in the minds of the jury as to the truth of the testimony of a witness.' Walters v. State, 24 Ala. App. 370, 373, 135 So. 600
(1931).
 " 'The inconsistencies may impair the credibility of the witness and reduce the weight of the testimony, but they do not destroy the probative force of the testimony as a matter of law — the weight to be given such testimony is for the trier of fact to determine.' 30 Am.Jur.2d Evidence § 1082 (1967).
 " 'A duty devolves upon the jury, if it can be done, to place that construction upon the evidence which makes all witnesses speak the truth.' Clements v. State, 19 Ala. App. 640, 641, 99 So. 832 (1924)."
Jones, supra, 469 So.2d at 716-17.
Moreover, in P.S. v. State, 565 So.2d 1209
(Ala.Cr.App. 1990), this court held:
 "[S]uch evidence should be reviewed by this court in the light most favorable to the State, Bass v. State, 55 Ala. App. 88, 313 So.2d 208
(1975), and our judgment should not be substituted for that of the jury. Cumbo v. State, 368 So.2d 871, 875 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979)."
565 So.2d at 1212. Thus, under the principles set out above, we find that the fact-finder could have been convinced beyond a reasonable doubt of the appellant's guilt from the evidence presented.
 III
The appellant's third contention is that he was denied a speedy trial because his trial was continued approximately nine times. However, this contention is being raised for the first time on appeal and, therefore, is not reviewable by this court.
In order to preserve an issue for appellate review, it must be presented to the trial court by a timely and specific motion setting out the specific grounds in support thereof.Wheeler v. State, 553 So.2d 652 (Ala.Cr.App. 1989);Dixon v. State, 476 So.2d 1236 (Ala.Cr.App. 1985). An issue raised for the first time on appeal is not correctly before this court. Thornton v. State, 527 So.2d 143
(Ala.Cr.App. 1987) writ quashed, Ex parte Thornton,527 So.2d 146 (1988); Fuller v. State, 472 So.2d 452
(Ala.Cr.App. 1985). Thus, that issue has not been preserved for our review.
 IV
The appellant's final contention is that the court erred in its refusal to give the following requested written charges:
 "1. Defendant requests that the Court charge as to the lesser included offense of Unlawful Possession of Marijuana.
 "2. Defendant requests that the Court charge as to the lesser included offense of Unlawful Possession of Marijuana for Personal Use."
In Brisbon v. State, 378 So.2d 743 (Ala.Cr.App. 1979), writ denied, Ex parte Brisbon, 378 So.2d 744
(1979), the appellant was convicted of the sale of marijuana. He requested charges almost identical to those jury charges requested by the appellant in *Page 58 
the case at bar. The trial judge in Brisbon also refused the requested written charges. Appellant Brisbon appealed, arguing that the refusal was error.
This court, in Brisbon, supra, found no error in the trial court's refusal of the appellant's requested written charges, holding as follows:
 "The controlling statutory law on the point is Code 1975, § 20-2-70(a), which provides in pertinent part:
 " 'Except as authorized by this chapter, any person who possesses, sells, furnishes, gives away, . . . controlled substances . . . is guilty of a felony . . .; provided, that any person who possesses any marihuana for his personal use only is guilty of a misdemeanor. . . .'
 "Possession of marijuana is not a lesser included offense, but it is a co-ordinate offense to the crime, and to a charge, of selling marijuana.
 "The possession of marijuana for personal use only is antipodal to the crime of selling marijuana. In an appropriate case charging possession of marijuana, its possession for personal use only may constitute a lesser included offense. Defendant's charge 26 states abstractly a correct proposition of law, but it cannot be applied to the facts in this case, in which the sole issue presented is whether defendant made a sale of marijuana as charged in the indictment.
 " 'Selling marihuana is inconsistent with possession of marihuana for personal use only. The guilt of defendant turned on whether he made a sale to Kirksey, as testified by Kirksey, or, on the other hand whether he did not make a sale, as testified by defendant. The testimony of the one is not reconcilable with the testimony of the other.
 There was no middle ground. The only factual finding possible, consistent with the evidence, was either a finding of not guilty or a finding of guilt of selling marihuana. The court was not in error in charging accordingly.' Williams v. State, Ala.Cr.App., 356 So.2d 216, 218
(1977), cert. denied 356 So.2d 219 (1978)."
Brisbon, supra, 378 So.2d at 744. See also Edwardsv. State, 570 So.2d 252 (Ala.Cr.App. 1990).
A charge on a lesser included offense should be given only when there is a reasonable theory from the evidence to support such a proposition. Isom v. State, 497 So.2d 208
(Ala.Cr.App. 1986). The trial judge may refuse to charge on a lesser included offense where the only reasonable conclusion from the evidence is that the appellant is guilty of the offense charged or of no crime at all. Moton v. State,524 So.2d 381 (Ala.Cr.App. 1988); Brown v. State,392 So.2d 1248 (Ala.Cr.App. 1980), writ denied, Ex parteBrown, 392 So.2d 1266 (1981). Therefore, based on the authority in Brisbon, supra, and the propositions of law stated above, it is our opinion that the trial court correctly refused the appellant's requested written jury charges.
Based on the foregoing, the judgement of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 700