BOWEN, Judge,
concurring specially.
I agree with the majority that the possession of cocaine is not, under the particular facts of this case, a lesser included offense of the sale of cocaine. I do not reach that conclusion, however, on the basis of Buice v. State, 574 So.2d 55 (Ala.Cr.App.1990), the authority cited in the majority opinion, but on the basis of the legislative intent expressed by the passage of and the wording used in Ala.Code 1975, § 13A-12-211 (unlawful distribution of controlled substances) and § 13A-12-212 (unlawful possession or receipt of controlled substances), as well as the holdings in McKinney v. State, 511 So.2d 220 (Ala.1987), and Ex parte Jordan, 486 So.2d 485 (Ala.1986).
In Buice, and in Brisbon v. State, 378 So.2d 743 (Ala.Cr.App.), cert. denied, 378 So.2d 744 (Ala.1979) (the authority upon which Buice relied), the accused was prosecuted for the sale of marijuana under former Ala.Code 1975, § 20-2-70(a), now repealed. The issue in Buice and Brisbon was whether any lesser charges were warranted by the evidence. They were not. The proof in each case showed that the accused was either guilty of a sale or not guilty of any crime. There was simply no “rational basis for a verdict convicting the defendant” of any lesser offense. See Ala. Code 1975, § 13A-l-9(b). Nevertheless, the Buice court observed that under former § 20-2-70, the “[possession of mari- , juana is not a lesser included offense, but it is a co-ordinate offense to the crime, and to a charge, of selling marijuana.” Buice, 574 So.2d at 58 (quoting Brisbon v. State, 378 So.2d at 744). The conclusion that possession and sale were coordinate crimes under former § 20-2-70(a) was inescapable in view of the fact that that section provided, in pertinent part, that
“any person who possesses [or] sells ... controlled substances ... is guilty of a felony and, upon conviction, may be imprisoned for not less than two nor more than 15 years and, in addition, may be fined not more than $25,000.00.”
From the clear language defining the offense and setting the penalty in § 20-2-70(a), it was evident that the legislature considered the possession of and the sale of controlled substances to be different methods of committing the same, but comparable and equally culpable, offense.
*1174 In 1987, however, the legislature enacted the “Drug Crimes Amendments Act of 1987,” of which §§ 13A-12-211 and -212 are a part. The amendments substantially altered both the substantive definitions and the penalty provisions of controlled substances offenses. See Pool v. State, 570 So.2d 1260, 1261 (Ala.Cr.App.), affirmed, 570 So.2d 1263 (Ala.1990); Watley v. State, 568 So.2d 852, 854 (Ala.Cr.App.1989), cert. quashed, 568 So.2d 857 (Ala.1990). The new code provisions obviously represent the legislature’s determination that the sale of controlled substances is a more serious offense than the mere possession of controlled substances. The former is a Class B felony and the latter is a Class C felony. Viewing that fact alone, one might conclude that possession is a lesser offense of sale. Under the particular facts of this case, however, I do not believe that conclusion would be correct.
Unlike § 20-2-70(a), which had prohibited the sale or possession of “controlled substances,” §§ 13A-12-211 and -212 now prohibit the sale or possession of “a controlled substance.” This subtle change in wording is significant because it signals a change in the legislature’s “ ‘description of the unit of prosecution within the substantive criminal law statutes.’ ” See McKinney v. State, 511 So.2d 220, 224 (Ala.1987) (quoting R. Owens, Alabama’s Minority Status: A Single Criminal Act Injuring Multiple Persons Constitutes Only A Single Offense, 16 Cum.L.Rev. 85, 104 (1985-86).
Section 20-2-70(a) had been construed to authorize one conviction and one sentence for the possession of controlled substances. See Vogel v. State, 426 So.2d 863, 882 (Ala.Cr.App.1980), aff’d on another ground, writ quashed as to instant issue, 426 So.2d 882 (Ala.1982), cert. denied, 462 U.S. 1107, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983) (“[o]nce the presence of the first controlled substance is proven, the offense is complete, and the presence of other controlled substances at the same time does not act to split the possession”).
Under the new code provisions, however, it can be reasonably inferred that, because the legislature used the term “a controlled substance” to define the offense, it meant to “allow multiple convictions” based on transactions which would have been deemed a single offense under § 20-2-70. See McKinney v. State, 511 So.2d at 224-25. That is, under the 1987 amendments, the offense is not complete once the presence of the first controlled substance is found; instead, “the presence of other controlled substances at the same time” may “act to split the possession.” Vogel v. State, 426 So.2d at 882. Thus, a batch of cocaine may be “split,” both in actual fact as it was here, and in legal contemplation, into a portion which was transferred for consideration or “sold,” and into a portion which was retained or “possessed.”
Although, as an abstract matter, the possession of cocaine may be a lesser included offense of the sale of cocaine, we are not permitted, in making a lesser included offense analysis, to consider the relationship of the sale and the possession statutes in the abstract. Ex parte Jordan, 486 So.2d 485, 488 (Ala.1986). The lesser included offense determination requires that we do not consider “the potential relationship of ... statutes only in abstract terms.” Instead, we must analyze the relationship of , the statutes in light of the facts of the particular case and the indictments under which the accused was charged. Id.
Performing that analysis in this case leads to the conclusion that the act of selling one portion of a batch of cocaine does not include, either as a factual matter or as a lesser included offense in legal contemplation, the act of possessing the retained portion of the batch. In this context, an “act” is “a discrete event arising from a single criminal intent”, while a “transaction” is a “related series of acts.” Carawan v. State, 515 So.2d 161, 170 n. 8 (Fla. 1987). Here, the appellant performed two acts: the transfer of a controlled substance, and the retention of a controlled substance.
Therefore, because the appellant committed two discrete acts, each of which constituted an offense which the legislature has prohibited and neither of which was neces *1175 sary in order to “prove” the other, he was not in jeopardy, during his trial for the sale of cocaine, of the “same offense” for which he had previously pled guilty, the possession of the “retained” portion of the cocaine. See Henderson v. State, 569 So.2d 925, 928 (Fla.App.1990) (finding separate acts, and therefore separate offenses, from proof that the accused “retained possession of cannabis other than the cannabis he sold”) (emphasis in original).
Each offense required proof, under these facts, of an element not required by the other. The sale offense required proof, not only of a delivery for consideration, but also of the transfer of a discrete controlled substance, not required for the possession offense. The possession offense required proof of the retention of a discrete controlled substance not required for the sale offense. Therefore, the appellant’s separate prosecutions pass the Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), test as it has been interpreted by the Alabama Supreme Court in Ex parte Jordan. The two prosecutions also pass the Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), test:
“To determine whether a subsequent prosecution is barred by the Double Jeopardy Clause, a court must first apply the traditional Blockburger test. If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred. Brown [v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)], supra, at 166, 97 S.Ct., at 2225.
[[Image here]]
“[However], a subsequent prosecution must do more than merely survive the Blockburger test. As we suggested in [Illinois v.] Vitale [447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980)], the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted.”
Grady v. Corbin, 495 U.S. at 516, 520, 110 S.Ct. at 2090, 2093.
The State did not have to prove, as an essential element in the sale case, the appellant’s conduct of retaining a portion of the batch of cocaine. As the majority points out, the State did not, in fact, elicit this information. The fact that it was brought out by the defense is immaterial for purposes of Grady v. Corbin because it was not “an essential element” of the offense of sale.