TAYLOR, Judge.
The appellant, Lewis Edward Boshell, was convicted of criminal trespass in the third degree, a violation of § 13A-7-4, Code of Alabama 1975. He was sentenced to 30 days in jail and was fined $200. The appellant presents three issues on appeal.
I
The appellant contends in his pro se brief that the circuit court erred in denying his motion for a judgment of acquittal. The appellant asserts that the state failed to present sufficient evidence to support his conviction of criminal trespass in the third degree. Section 13A-7-4 provides that “[a] person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises.”
“ ‘In determining the sufficiency of the evidence to sustain the conviction, this court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution.’ Faircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App.1984), aff’d, 471 So.2d 493 (Ala.1985).”
Morgan v. State, 589 So.2d 1315, 1317 (Ala.Cr.App.1991).
The state’s evidence tended to show that the appellant had remained in a house owned by his mother’s estate after Donald Tittle, the appellant’s uncle and the executor of the estate, told him to leave. The appellant was not the devisee of the house under his mother’s will and had no legal right to be in the house. Mr. Tittle attempted to post “no trespassing” signs on the property around the house, but the appellant removed the signs. Mr. Tittle called the Walker County Sheriff’s Department to the house for the purpose of removing the appellant from the house. The appellant went inside the house and refused to come out. Mr. Tittle then signed a warrant for the appellant’s arrest. When the sheriff’s deputies returned to the house with the arrest warrant, the appellant refused to answer the door. Instead, the appellant barricaded the doors with furniture. Mr. Tittle and the deputies then kicked the door in, and the deputies arrested the appellant.
The state presented sufficient evidence to submit the case to the jury for its determination. The circuit court did not err in refusing to grant the appellant’s motion for a judgment of acquittal.
II
The appellant also argues that the circuit court erred in denying his motion for a new trial. The appellant contends that the assistance of his trial counsel was ineffective. In his motion, the appellant claimed that he “was not adequately represented by counsel in that an offer of dismissal, having been accepted by defendant, was not honored ...; no witnesses were subpoenaed or used in defense at trial; and, his counsel demanded more money from the defendant during trial.” The appellant, however, presented no evidence in support of these bare assertions.
This court stated in Smith v. State, 364 So.2d 1 (Ala.Cr.App.1978):
“Assertions ... in an unverified motion for new trial are bare allegations and cannot be considered as evidence or proof of the facts alleged.”
Smith v. State, 364 So.2d at 14; see also Britain v. State, 518 So.2d 198 (Ala.Cr.App.1987), cert. denied, 486 U.S. 1008, 108 S.Ct. 1736, 100 L.Ed.2d 199 (1988); Daniels v. State, 416 So.2d 760 (Ala.Cr.App.1982). The court did not err in denying the appellant’s motion for a new trial because the appellant did not present any evidence or proof of the allegations made in his motion.
*90 In support of his contention that his counsel provided ineffective assistance, the appellant stated grounds in his brief that were not presented to the circuit court in his motion for a new trial. These issues were not before the trial court; therefore, we cannot consider them on appeal. See Buice v. State, 574 So.2d 55 (Ala.Cr.App.1990).
Ill
The appellant also argues that his civil rights were violated when the door to the house that he was in was kicked in by the arresting officers. He presented this issue to the circuit court, but he did not present any evidence or proof that his civil rights had been violated. The appellant had no right to be in the house, and he had been asked to leave. The sheriff’s deputies told him that they had a warrant for his arrest, but the appellant refused to open the door to the house. It was not a violation of the appellant’s civil rights for the deputies to break open the door of the house to execute the warrant for the appellant’s arrest. See Rule 3.12, A.R.Crim.P.
For the foregoing reasons, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
All the Judges concur.