12 So.2d 756

### WIGGINS v. STATE.

4 Div. 717.

Court of Appeals of Alabama.

Jan. 12, 1943.

Rehearing Denied Feb. 2, 1943.

Murphy & Cook and E. O. Baldwin, all of Andalusia, for appellant.

Wm. N. McQueen, Atty. Gen., and L. S. Moore, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The indictment charged in several counts the two offenses of grand larceny and buying, receiving, concealing, etc., stolen property. The jury returned a general verdict of guilty and, accordingly, a sentence of five years' imprisonment was imposed.

The proposition relied upon for a reversal is succinctly stated by counsel in brief for appellant, as follows: "The evidence is without dispute that Wiggins (defendant) had on his person a $10.00 bill and a $5.00 bill, no more and no less. We are not urging this Court that the defendant should have been acquitted. We are not attempting to show non-guilt. We are simply attempting to point out that the defendant could have been convicted of receiving stolen property and punished as if he had committed petty larceny, and that any punishment above that allowed by statute (for petit larceny) is highly erroneous," etc.

The defendant did not do the actual taking and, because he was found in possession of less than $25, it is insisted that the larceny counts should have been withdrawn from the jury altogether, and that, though the evidence might have supported a charge of receiving stolen property, punishment as for petit larceny was at most the highest penalty justified. It is argued that to charge the jury otherwise, or to impose a higher punishment than that prescribed for petit larceny, constituted reversible error.

It is grand (not petit) larceny to steal personal property of the value of five dollars or more from the person of another. Code 1940, Title 14, Section 331.

Likewise, to buy, receive, conceal or aid in concealing such stolen property, when of the value of five dollars or more, knowing that it has been stolen from the person of another or having reasonable grounds for believing such, and not having the intent to restore it to the owner, constitutes an offense (of receiving, etc., stolen property) of the same grade as grand larceny and subjects the offender, on conviction, to the same penalty. Code 1940, Title 14, Section 338.

The counts of the indictment for buying, receiving, concealing or aiding in concealing stolen property were in proper form to charge the felony for which appellant was convicted. The evidence (as is indicated in the above quoted excerpt from appellant's brief) supported this charge. The verdict and punishment inflicted were therefore justified.

It was contended at the trial that there was no evidence to warrant submission to the jury of the issue of larceny and that

52

to refuse affirmative charges on these counts constituted reversible error. This court entertains a contrary view.

■ The unexplained possession by the defendant of the $15 and his guilty conduct in regard thereto were facts from which the jury might infer his guilty participation in the plan and conspiracy to commit the actual larceny. Heath v. State, 30 Ala.App. 416, 7 So.2d 579.

■ The only evidence offered at the trial was by the State. The defendant offered none, nor did he testify. Though— according to the proof adduced—his confederate, Dawkins, committed the actual theft, there were certain incriminating facts and circumstances against the defendant, such as his possession of the $15 when the officers arrested him and his attempt to surreptitiously dispose of the money by throwing it upon the ground and covering it with his foot. This and other incriminating circumstances (all unexplained) authorized an inference against his innocence and justified submission of the question of larceny to the jury. The affirmative charges on the larceny counts, under such circumstances, should not have been given. Emerson v. State, 30 Ala.App. 89, 1 So.2d 604, certiorari denied 241 Ala. 141, 1 So.2d 605; Heath v. State, supra.

We have given careful consideration to the case, in connection with the argument of learned counsel, and can find no prejudicial error. The judgment below is ordered affirmed.

Affirmed.