30 So.2d 587

## ARNOLD v. STATE.

### 5 Div. 229.

Court of Appeals of Alabama·
May 20, 1947.

R. C. Wallace, of LaFayette, and Wilbanks & Wilbanks, of Dadeville, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The appeal here is from a judgment of conviction in the lower court for the offense denounced under Section 338, Title 14, Code of Alabama 1940, which provides:

"Any person who buys, receives, conceals, or aids in concealing any personal property whatever, knowing that it has been stolen, or having reasonable grounds for believing that it has been stolen, and not having the intent to restore it to the owner, shall, on conviction, be punished as if he had stolen it; and such offender may be tried and con-victed, although the person who stole the property has not been tried and convicted."

Upon the trial numerous witnesses were examined for the prosecution, and for defendant; and the testimony was in sharp, and direct, conflict.

From the direct conflict in the testimony, as has been so often stated, jury questions were presented. The credibility and weight of the evidence and the legitimate inferences it afforded were for the jury. In other words, the weight to be given the evidence, its sufficiency in general, its probative value, or force, and the credibility of the witnesses where, upon the whole testimony, an issue of fact arises, are for the exclusive consideration and determination of the jury. The jury determine the weight to be given the testimony of the witnesses by their demeanor or conduct on the stand, their interest in the case, the probability or improbability of their testimony, its corroboration, the facts bearing on their credibility, their intelligence and knowledge, and not by the mere number of witnesses. Conflicting evidence should be reconciled by the jury, if possible, and if they can not reconcile it, they may base their verdict on that part of the testimony which they consider worthy of credit, and reject that which they deem to be unworthy of belief. Inconsistencies and contradictions in the testimony of a witness do not make it inherently improbable. The jury can not arbitrarily reject the evidence, but the testimony of a witness, which is wilfully and corruptly false, may be disregarded by the jury.

The trial in the court below was conducted without semblance of error. Two or three exceptions were reserved to the court's rulings upon the admission of evidence, but, as stated, are without merit. The written charges requested by defendant, three in number, were "given" by the court. The affirmative charge was not requested, and no exception was reserved to the action of the court in overruling and denying defendant's motion for a new trial.

No error appearing it follows, that the judgment of conviction from which this appeal was taken, is due to be affirmed. It is so ordered.

Affirmed.