291 So.2d 369

**Leander Lee JOHNSON**

v.

**STATE.**

**6 Div. 617.**

Court of Criminal Appeals of Alabama.

March 5, 1974.

Edward S. Zanaty, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Kent Brunson, Asst. Atty. Gen., for the State, appellee.

W. J. HARALSON, Supernumerary Circuit Judge.

The appellant was tried and convicted of robbery and sentenced to imprisonment in the penitentiary for 20 years.

At the conclusion of the testimony presented by the State the appellant moved to exclude on the ground that the State had not carried the burden of proof resting on the prosecution. The court overruled the motion. The appellant did not testify nor offer any witnesses in his defense.

In substance the testimony presented by the State is as follows:

On the night of November 10, 1971, three armed men entered the Liberty Supermarket in Birmingham, Alabama. After one of the men held up the store's security guard, he was handcuffed and required to lie on the floor at which time the man proceeded toward a cash register; another man entered the office of the night manager of the store, James Gardner, where at gun point he forced the manager to open the store safe and took therefrom approximately $36,000 in lawful currency of the United States. The man who had gone to the cash register forced the check-out clerk at gun point away from the cash register and removed an amount of money which he stuffed in his pockets. The third man, the appellant, stood near the door and was also armed with a gun. At one time during the robbery he forced one of the clerks at the store, who was at the time approaching the cash register from the rear, to stop and remain still during the time of the robbery.

Another witness for the State, Wiley Davis, testified that he was sitting in a window near the man at the door drinking coffee at the time and that he remained there throughout the period of the robbery. Both Davis and Bolen testified that they recognized the appellant as the man who stood near the door and described him as having worn a white sports coat at the time.

After placing the money taken from the safe in a large paper bag the man who had robbed the office safe joined the other two and all left at approximately the same time through the door near which the appellant was standing.

About an hour and half later at approximately 8:30 or 9:00 p. m. the appellant was

apprehended driving a yellow cadillac automobile, which allegedly belonged to one of the other men involved. He was stopped by two police officers, one of whom testified as to a minor traffic violation as their reason for taking him into custody, in addition to the fact that they had observed the automobile parked in an alley unoccupied some time before. They were on the lookout for the men who had robbed the store also. Appellant was taken to police headquarters and placed under arrest.

State witness Gail Arnold, who had apparently been living with one of the other men involved in this matter, Robert Keebe, testified that on two occasions she heard the appellant, Robert Keebe and his brother, James Keebe, discuss the robbery of the Liberty Supermarket and make plans therefore. One of the discussions allegedly took place in Birmingham, Alabama, and the other in a Mobile motel room shortly before the men left for Birmingham to commit the robbery.

■ Robbery is defined as the felonious taking of goods or money of value from the person of another, or in his presence, by violence to his person or putting him in fear. Williams v. State, 48 Ala.App. 737, 267 So.2d 526.

■ The testimony of two eye witnesses placed the appellant at the scene of the crime and as an active participant therein. In Parsons v. State, 33 Ala.App. 309, 33 So.2d 164, it was held that where several persons participate in a robbery it is immaterial as to which one takes the money as they are all guilty as principals.

■ In the case of Smith v. Board of Commissioners of Alabama State Bar, 284 Ala. 420, 225 So.2d 829, the court held that when by prearrangement or on the spur of the moment, two or more persons enter into a common enterprise and a criminal offense or an unlawful purpose is contemplated then each is a conspirator and if the unlawful act is carried out, each is guilty of the offense contemplated. See also numerous cases cited in Alabama Digest, Volume 4A, Conspiracy, ☞41; Title 14, Code of Alabama, 1940, Recompiled 1958, Section 14; Stokley v. State, 254 Ala. 534, 49 So.2d 284.

Under the evidence presented by the State the court properly submitted this case to the jury for its consideration and there was no error in overruling the motion of appellant to exclude the evidence.

We have responded to the issues raised in appellant's brief and in addition thereto we have examined the record carefully for any apparent error. Finding no error of a substantial nature the cause is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.