TYSON, Judge.
The appellant was indicted in a three-count indictment for second degree burglary, grand larceny, and buying receiving and concealing, or aiding in concealing, two pairs of men’s shoes of the value of $26.00 and some coins, the personal property of V. J. Elmore, a corporation. The jury found the appellant guilty of burglary and grand larceny, as charged in the indictment, and fixed the value of the stolen property at $71.00. The trial court then entered judg *142 ment, setting sentence at one year and a day on the burglary charge, and three years on the grand larceny charge, the two sentences to run concurrently.
Thurman Thomas testified that he was the manager of the V. J. Elmore store, located at 2912 Twenty-Seventh Street, North in the North Birmingham section of Jefferson County, Alabama, on December 8, 1973. He testified he closed this store about 9:00 that evening as this was a Saturday, but before doing so he examined all entrances and ascertained that they were securely locked. He testified the store occupied both floors of a two-story building, and that his office and a storage room were on the second floor. He testified there were four cash registers, that he had removed all currency from the registers, leaving some coins for change in each of the registers, and made a deposit at the First National Bank branch across the street. He testified that that same evening he received a telephone call from two Birmingham police officers who requested that he come to the store shortly before midnight of December 8, 1973. Upon arrival, he went into the store with the Birmingham officers and found a hole in the roof above his office where a ten-foot aluminum stepladder had been placed, and that the roof, which was made of slag gravel with insulation of celatex' type material underneath, had been broken through. He testified he examined each of the four cash registers and determined that approximately $45.00 in coins which he had left for change were missing. He testified he also examined the shoe department and determined that two pairs of men’s shoes of the value of $15.00 to $20.00 each were missing. He testified that these shoes were the modern type, “the high style shoes with the tall heel.”
He testified further that he saw the officers put one man in the police wagon, that he was black, but that he did not get a good look at him. He further testified that when he went to police headquarters, one of the two men who had been arrested by the officers had on a pair of the missing “high style shoes,” and that a pair of old shoes had been found in the back of the store near the shoe department.
On cross-examination, Mr. Thomas stated that he did not see the appellant, Paige, at the store that evening.
Michael A. Denny testified he was a patrol officer with the Birmingham Police Department, working on the 11:00 p. m. to 7:00 a. m. shift with his partner, David Melton, on the evening of Saturday, December 8, 1973. He testified that shortly before midnight they were patrolling in the North Birmingham section near where the V. J. Elmore store was located. He stated that he and his partner observed a light in the store, that they stopped to investigate, that his partner went to the front of the store, and that he went to the back. He stated that he saw the appellant, Jesse Carl Paige, on the roof of the adjoining building, and that he was dressed in dark colored pants with a trench coat on. He testified that he ordered the appellant to halt, that the appellant stopped, looked at him, and then dove over the roof to the next building, and that he fired the shotgun in the appellant’s direction. He called for help, and he and his partner then arrested one Robert Williams on the top of the roof, lying on his face, clutching a piece of vent pipe. He testified that Williams had on a pair of high heel, modern style shoes which appeared to be new at the time of his arrest. He testified that Williams was placed under arrest and taken to police headquarters.
Officer Denny further testified that about one hour later he and his partner went to the home of Jesse Carl Paige and took him to police headquarters where he, too, was placed under arrest. Officer Denny stated that at the time of the appellant’s arrest, they combed his hair and found sprinkled therein an insulation type material of the same type as was in the roof of the V. J. Elmore store. He testified that the appellant had changed his clothing, but that on his back was a fresh scrape mark about two inches wide and four inches long which caused the skin to curl, and that the skin had not had an opportunity to dry as this *143 was a fresh type wound. Officer Denny further testified that Williams had some rolls of pennys in his pocket at the time of his arrest. Officer Denny made a positive ineourt identification of the appellant as having been seen on the roof of the adjoining building on the night in question. The appellant’s motion to exclude the State’s evidence was overruled.
Rosie Thrash testified that she was the mother of Jesse Carl Paige, the appellant. She testified that on the night of December 8, 1973, the appellant was at her home with his wife and children watching television and did not go out that evening.
This testimony was corroborated by the appellant’s wife, Angela Paige.
The appellant, Jesse Carl Paige, testified that he lived at 3401 Norwood Boulevard in Birmingham. He testified that he was at the home of his mother the night of December 8, 1973, when the police came and arrested him shortly after midnight. He testified that he had been home with his wife and children all that day, that he left once to go to the grocery store that afternoon about 3:00, and other than that he had been at his mother’s home all day. He denied ever going to the V. J. Elmore store in question, entering therein, or removing any shoes or coins from the store. He testified that Robert Williams was only a slight acquaintance, that he met him once on a trip.
Officer Michael A., Denny was then recalled and testified that when the appellant was brought to police headquarters on the evening in question, he, Williams, turned to Paige and said, “I am sorry that I turned you in,” to which Paige replied, “Shut up man or I will'-kill yoú.”
The trial court then gave an extensive oral charge to which there was no exception, and then gave four written requested charges and denied the affirmative charge.
I
The appellant argues that the trial court was in error in allowing Officer Denny to state that the particles which were combed from the appellant’s hair were insulation type material like that used in the roof of the office at the V. J. Elmore store.
Officer Denny testified that he was familiar with insulation type material and observed the particles which had been removed from the appellant’s hair.
We are of the opinion that the trial court properly allowed Officer Denny to express his opinion that such were “insulation type material.” See Alexander v. State, 37 Ala.App. 533, 71 So.2d 520; and Carmichael v. State, 48 Ala.App. 748, 267 So.2d 538, and authorities therein cited.
II
Appellant next argues that the trial court erred in overruling, his motion to exclude. ,.
* The state, through the testimony of Mr. Thomas, clearly established the burglary and grand larceny at the Y. J. Elmore store. Moreover, the appellant 'was observed on the roof of the' adjoining building with his companion who was arrested there, and was positively identified by Officer Denny in court. Moreover, in being given instructions to halt, the appellant dove over to the roof of the next building and fled. He was apprehended about one hour later at his mother’s home where Officer Denny observed the particles in his hair, and also the fresh flesh wound on his back, but the officer stated that the appellant had changed clothes.
We are of the opinion that the trial court here properly overruled the motion in question. Hare v. State, 52 Ala.App. 279, 291 So.2d 371, and authorities therein cited; Johnson v. State, 52 Ala.App. 277, 291 So.2d 369.
III
Appellant calls attention to the verdict of the jury and judgment of the court wherein the jury found the appellant guilty of burglary, as charged in the indictment, and also guilty of grand larceny as charged in the indictment and fixed the value of the stolen property at $71.00. The trial court, after the jury was polled, entered its judg *144 ment, setting sentence at one year and one day on the charge of burglary, and at three years on the charge of grand larceny, with the sentences to run concurrently. We notice that this matter was not excepted to, nor was there a motion for a new trial raising this question in the trial court.
If the appellant desired to take exception to the trial court’s charge on the several allegations of the indictment, such must be done prior to the time the jury retires. The appellant may not wait until after the jury’s verdict comes in and speculate thereon, then take exception. Cox v. State, 280 Ala. 318, 193 So.2d 759.
Moreover, where, as here, the same transaction supports both grand larceny and burglary, while there can only be one punishment, this may be served by either a single sentence or concurrent sentences, the same to be set by the trial court within lawful limits in its discretion. Wade v. State, 42 Ala.App. 400, 166 So.2d 739; Wildman v. State, 42 Ala.App. 357, 165 So.2d 396.
We have carefully examined this record and find same to be free of error. The judgment in question is therefore due to be and the same is hereby
AFFIRMED.
HARRIS, DeCARLO and BOOKOUT, JJ., concur.
CATES, P. J., dissents.