The grand jury returned a three count indictment against the appellant, Eddie Dean Wilcox, charging him with second degree burglary, grand larceny, and buying, receiving or concealing stolen property in connection with a break-in and theft of certain personal property from the mobile home of one Andrew Roberts. Wilcox pleaded "not guilty" to all counts, and at trial was convicted by a jury on the count for grand larceny. The court, after reviewing the past records of appellant, sentenced him to serve ten years in the penitentiary. Appellant's motion for new trial on the issues here asserted was denied by the trial court; hence, this appeal. Appellant has been represented at all stages by retained counsel.
Andrew Roberts testified that, on June 1, 1979, he and his wife, Kelly, were residing in a mobile home located at 353 Ruth Circle in Huntsville, Alabama. On this night he and his wife left their trailer home at about 9:00 o'clock. Roberts stated that he had secured the trailer by locking the windows and doors, but that upon his return at 4:30 the next morning he found the interior of his trailer in disarray. Further, he discovered that the "back door was bent . . . the lock was broken, and the facing where the door-lock bar was, it was broken" (R. 10). Mr. Roberts ascertained his missing property as a Sears nineteen inch color television set, two car stereo speakers, a quantity of jewelry, a J.C. Penney hair dryer, and a bowling ball with bag. The value of these items was approximately $750.00. The authorities were duly notified. Mr. Roberts then testified that a few weeks after this incident he saw a girl at a club where his wife, Kelly Roberts, worked, wearing one of the necklaces which had been taken with the other jewelry. He identified the girl as Donna Pitts, and subsequently identified two State's exhibits as photographs depicting the items of stolen jewelry. Roberts pointed out the necklace that he saw Donna Pitts wearing.
Diane Campbell, eighteen years of age, testified that she knew the appellant, also Andrew Roberts and Kelly Roberts. She stated that, on the night of June 1, 1979, she had been present at an apartment with appellant, Eddie Dean Wilcox, Donna Pitts, Jerry and Ray Campbell, but had left with appellant at around midnight. She testified that Wilcox had told her he was going out to some friends' trailer to get some money, but that he did not identify the friends. Subsequently, the witness drove Wilcox and one Martin out to the trailer park in Martin's car, with appellant giving the directions. Upon reaching the location of the park, the witness, Diane Campbell, was directed to drive back behind the park into a large field and stop near a trailer. She testified that Wilcox and Martin left the car, and that Wilcox instructed her to wait in the car for them. She then witnessed Wilcox and Martin approach a darkened trailer, heard some "banging around," and eventually saw Wilcox return with a television set and other items. Diane Campbell stated that she saw Wilcox enter the trailer and emerge with the items. After Wilcox's return to the car, they all proceeded to Wilcox's brother's home, with Martin driving. When they reached the house, appellant unloaded all of the items except some jewelry into his brother's garage, and returned to the car with some money. Diane Campbell identified Wilcox's brother, and stated that he was present, though he did not help unload the car. The group then returned to the apartment, whereupon appellant distributed necklaces to the witness, Donna Pitts and Ray Campbell. Diane Campbell stated that she no longer had the necklace, having subsequently given it to another girl. She denied knowing anything of appellant's purposes in going to the Roberts' trailer that night.
Jessie Ray Campbell, age nineteen, testified for the State that he was Diane Campbell's brother, that he knew Mr. and Mrs. Roberts, and that he had been at the apartment on the night of June 1, 1979, with Wilcox, Diane Campbell and his girl friend, *Page 792 
Donna Pitts. He witnessed Wilcox and Diane Campbell leave around midnight, and was present when they returned some time later. Upon his return, Wilcox removed a number of necklaces from his pocket and threw them onto a bed, inviting Donna Pitts to "get her a couple" (R. 39). This Donna Pitts did, and she gave one to him. Jessie Ray Campbell denied knowing the necklace was stolen, and stated that he wore it until several weeks later when he returned the necklace to Kelly Roberts. Campbell identified the necklace from the photographs.
Donna Pitts, sixteen, testified that she, too, was present at the apartment on June 1, 1979, when Wilcox and Diane Campbell left, that appellant, upon his return, laid a "bunch of necklaces" (R. 47) on a bed, and that she then picked two out. Donna Pitts gave one to Jessie Ray Campbell and wore the other until she returned it to Kelly Roberts. Donna Pitts identified the necklaces from the State's photographs.
The final State's witness was Roger Grub, a criminal investigator with the Madison County Sheriff's Department. He testified that he had investigated the break-in at the Roberts' trailer, and had taken the photographs of the recovered necklaces.
At this point the State rested, and appellant moved to exclude the State's evidence and to require the State to elect under which count it would seek a conviction. These motions were overruled. Appellant offered no witnesses, and did not take the stand himself.
 I
The appellant initially asserts that the trial court erred in failing to compel an election by the State as to which count of the indictment it was seeking a conviction. The claim that the State is required to elect in instances such as this, where an indictment charges different kindred offenses in the same transaction, is without basis in our law. It has long been held that different offenses of the same character may be properly joined in a single indictment:
 "A careful solicitor should always frame the indictment with as many counts as may be necessary to meet the different phases the evidence may assume. Embezzlement and larceny, burglary and larceny, larceny and receiving stolen property, and offenses of like character may properly be joined in separate counts in the same indictment. . . ." Orr v. State, 107 Ala. 35, 18 So. 142 (1895); Rose v. State, 117 Ala. 77, 23 So. 638 (1898); Perry v. State, 25 Ala. App. 224, 143 So. 835, cert. denied, 225 Ala. 441, 143 So. 836 (1932); McDaniel v. State, 30 Ala. App. 447, 7 So.2d 583 (1942).
As noted by our Supreme Court in Deason v. State,363 So.2d 1001 (Ala. 1978), "[T]his is permissible under our statute [§15-8-52, Code of Alabama 1975] . . . and places no obligation upon the prosecution to elect beforehand which of those offenses it intends to prove." This situation is to be distinguished from one in which the indictment alleges one offense and different instances of that offense are made the subject of proof by the prosecution; in such instances the court should compel election:
 "`The court will not exercise its power to compel an election unless it appears either from the indictment or the evidence that an attempt is made to convict the accused of two or more offenses growing out of separate and distinct transactions. Mayo v. State, 30 Ala. 32; Wooster v. State, 55 Ala. 217.' Butler v. State, 91 Ala. 8, 9 So. 191." Brooms v. State, 197 Ala. 419, 425, 73 So. 35, 37 (1916) (Mayfield, J., concurring); Deason v. State, supra.
In the instant case, the counts of the indictment charged offenses of the same character stemming from a single transaction, i.e., the breaking and entering of the Roberts' trailer and the theft of their property. The State was not required to elect the particular count under which it would seek an indictment, and the trial court was not in error in refusing appellant's motion to compel such election. The decision of this Court in Jones v. State, Ala.Cr.App.,373 So.2d 1221, cert. denied, Ala., *Page 793 373 So.2d 1225 (1979), relied upon extensively by appellant, is factually inapposite to the case presented here.
 II
Appellant next contends that the testimony of Diane Campbell, Donna Pitts and Jessie Ray Campbell should have been excluded because these witnesses were actually accomplices, and their testimony was not corroborated as required by statute, citing §12-21-222, Code of Alabama 1975. Specifically, appellant argues that the testimony of these witnesses establishes that Diane Campbell was present at the scene of the break-in, and that she, Donna Pitts and Ray Campbell all accepted and wore pieces of stolen jewelry.
It has often been stated by our appellate courts that a witness is to be considered an accomplice for the purposes of the statute if he or she could have been indicted and convicted for the offenses charged, whether as principal or accessory.Miller v. State, 290 Ala. 248, 275 So.2d 675 (1973); Mills v.State, Ala.Cr.App., 367 So.2d 547, cert. denied, Ala.,367 So.2d 550 (1978), cert. denied, 444 U.S. 852, 100 S.Ct. 105,62 L.Ed.2d 68 (1979). This determination may be one of law for the court or of fact for the jury, dependent upon the circumstances, and where there is some doubt or question as to whether a witness is an accomplice, the issue is for the jury.Yarber v. State, Ala.Cr.App., 375 So.2d 1229 (1978); Jacks v.State, Ala.Cr.App., 364 So.2d 397, cert. denied, Ala.,364 So.2d 406 (1978); Daniels v. State, 50 Ala. App. 88,277 So.2d 364 (1973); Skumro v. State, 234 Ala. 4, 170 So. 776 (1936).
As to Diane Campbell, we find that the testimony indicates that she drove appellant and another man to the Roberts' trailer, though she denies knowing who lived there at the time or what appellant's true motives were in going there. She remained in the car while appellant and the other participant went to the trailer, apparently broke in [she heard "some banging around," (R. 25)] and returned with certain items. Diane Campbell accompanied Wilcox to his brother's house, where Wilcox unloaded all of the items, and went with him back to the apartment. Diane Campbell states that Wilcox told her "he had to go get some money from some of his friends who owed him, and if they were not going to give him the money, then they were going to give him something to hold until they got the money" (R. 29; see also R. 22). While we feel that this testimony only indicates that this witness was present at the scene, which in itself is insufficient to have made her an accomplice, Sorrellv. State, 249 Ala. 292, 31 So.2d 82 (1947), and Daniels v.State, supra, the question was properly one for the jury, which could have chosen to disbelieve her. The record reveals that a comprehensive charge was given to the jury by the trial court concerning accomplices and corroboration (R. 61-63), and that the question as to Diane Campbell was thereby properly submitted to the jury.
By their own statements at trial, Diane Campbell, Donna Pitts and Ray Campbell each partook of a necklace from the items with which Wilcox returned from the Roberts' trailer. There is some dispute as to exactly when Diane Campbell received hers, but the testimony was clear that Ms. Pitts and Ray Campbell did not get their necklaces until Wilcox returned to the apartment. Ray Campbell denied any knowledge that the necklace he had was stolen, while Donna Pitts stated, "I didn't know it was stolen, but I sort of figured it was" (R. 50).
While it is arguable that these witnesses were each guilty of at least some culpable conduct in adorning themselves with the Roberts' necklaces, this alone does not act to transform them into appellant's accomplices. It has long been held that even evidence establishing conclusively that a witness knew that he had received stolen goods is insufficient as a matter of law to make that witness an accomplice in an underlying burglary or larceny. Childs v. State, 43 Ala. App. 529, 194 So.2d 861, cert. denied, Ala. App., 194 So.2d 864 (1966); Pearson v. State, Ala.Cr.App., 343 So.2d 538 (1977); Summers v. State, Ala.Cr.App., *Page 794 348 So.2d 1126, cert. denied, Ala., 348 So.2d 1136 (1977); Rice v.State, Ala.Cr.App., 365 So.2d 1007 (1978), cert. denied, Ala.,365 So.2d 1010 (1979). These witnesses were not accomplices of appellant merely by virtue of their wearing stolen necklaces, and thus their testimony was not subject to the corroboration requirement of § 12-21-222.
 III
Finally, appellant argues that the evidence was insufficient to allow the jury to find him guilty of larceny. The appellant's main thesis in this regard seems to be, since he was acquitted of burglary by the jury's verdict, he could not be guilty of larceny since the jury did not believe that he broke and entered the trailer. At the most, appellant contends, he would only be guilty of receiving the stolen property from his companion, who, he contends, did the burglarizing and stealing.
Larceny is the felonious taking and carrying away of the personal property of another with the intent on the part of the taker to deprive the owner of possession thereof, or to convert to the use of the taker. Section 13-3-50, Code of Alabama 1975;Mauldin v. State, Ala.Cr.App., 376 So.2d 788, cert. denied, Ala., 376 So.2d 793 (1979); Lofton v. State, Ala.Cr.App.,371 So.2d 988 (1979).[1] Some cases establish that, where an indictment charges a defendant in alternative counts of burglary and larceny, he may be convicted of either or both offenses. Bell v. State, 48 Ala. 684 (1872); Borum v. State,66 Ala. 468 (1880); Robinson v. State, 84 Ala. 434, 4 So. 774
(1888). Of course, where a defendant is found guilty of both, he may not be made the subject of double punishment, Paige v.State, Ala.Cr.App., 339 So.2d 141 (1976), and a verdict of guilty as to one count operates as an acquittal on the other counts. Wildman v. State, 42 Ala. App. 357, 165 So.2d 396
(1963), cert. denied, 276 Ala. 708, 165 So.2d 403 (1964).
In the instant case, appellant's conviction of grand larceny operated as an acquittal on the burglary count, but because appellant was found not guilty by the jury as to the burglary does not act, as appellant argues, to show that he did not commit the larceny in question. The jury could have easily concluded that appellant's companion did the burglarizing, and that the appellant committed the larceny of the Roberts' property. The evidence established at trial was sufficient to afford the conclusion that appellant feloniously carried away the Roberts' property with the intent to deprive them of possession thereof.
We have carefully examined the record in this cause, and find the same to be free of error. The judgment and sentence rendered in the trial court below are hereby
AFFIRMED.
All the Judges concur.
[1] Also, Wilkins v. State, Ala.Cr.App., 373 So.2d 353
(1979).