[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 715 
Anthony L. Jones was charged in a two-count indictment with burglary in the first degree [Alabama Code 1975, § 13A-7-5
(a)(3)] and assault in the second degree [§ 13A-6-21]. At trial, the count of the indictment charging assault was dismissed and the defendant was convicted of first degree burglary. He was sentenced as a habitual offender to life imprisonment without parole. Seven issues are raised on appeal.
 I
Two of the issues presented involve the denial of the motion for new trial and the grounds asserting newly discovered evidence. Initially, the defendant argues that the motion should have been granted because of the newly discovered evidence of Roger Dale Epps, who would allegedly testify that, on the night of the crime, he saw Jones' truck parked in Jones' yard around or shortly after midnight.
Two State's witnesses testified that they saw Jones in his truck at the victim's trailer around midnight. Joe Price, the State's rebuttal witness, testified that when he walked by Jones' house at 12:10 A.M. there were no vehicles there. Defense witness James Owens testified that he was with the defendant at Teresa Smith's house until approximately 11:55 P.M., when the defendant drove home. Owens and his fiancee, Mary Jane Askew, left shortly thereafter, passed the defendant's house at approximately midnight, and observed the defendant standing in his carport with the light on and his pickup truck parked in the front yard. Janet Jones, the defendant's wife, testified that the defendant returned home at midnight and went to bed.
Here, as in Davis v. State, 29 Ala. App. 421, 422,198 So. 153, cert. denied, 240 Ala. 160, 198 So. 155 (1940), "this so-called newly discovered testimony relates to the question of the alibi of the accused defendants on which subject numerous witnesses were examined pending the main trial. The proffered testimony is therefore cumulative, and upon newly discovered evidence which is merely cumulative a new trial cannot be granted." "The authorities generally recognize the rule that ordinarily such impeaching or contradicting testimony does not suffice for a new trial, though there are exceptional instances where such proffered proof may justify a reconsideration of the cause." Slaughter v. State, 237 Ala. 26, 27, 185 So. 373 (1938) (citations omitted). We consider Mr. Epps' testimony to be cumulative to that presented at trial. Therefore, this ground of the motion for new trial was properly denied.
 II
The defendant also argues that his motion for a new trial should have been granted because of the newly discovered evidence that the State's rebuttal witness Joe E. Price had allegedly made the statement in 1978 that he would either "get the money or get even" with the defendant. This statement was made in connection with money the defendant owed Price's father on the purchase of an automobile. Jones argues this evidence would have shown Price's bias and "severely diminished" his credibility. Appellant's Brief, p. 16.
"[T]he overruling of a motion for a new trial based upon newly discovered evidence tending only to discredit the State's witnesses is not error unless upon the whole case it appears probable that the new evidence would change the result." Maundv. State, 254 Ala. 452, 462, 48 So.2d 553 (1950); Story v.State, 439 So.2d 1317, 1322 (Ala.Cr.App. 1983). We are confident that the evidence of Mr. Price's alleged *Page 716 
bias or prejudice toward the defendant would have no effect upon the result of the trial.
 III
The defendant argues that the verdict was contrary to the evidence presented at trial because "[n]o knife was produced at trial; no witness other than the complaining witness claimed to have seen the alleged weapon, and even" that testimony is insufficient. Additionally, the defendant argues that he "was not clearly identified as the perpetrator of the alleged offense" because "[t]he testimony was inconsistent in the identification of your Appellant and the vehicle he allegedly was driving." Appellant's Brief, pp. 18-19. In our opinion, these contentions constitute nothing more than jury arguments as to credibility and do not concern the legal sufficiency of the evidence.
Susan Hays, the victim, positively identified the defendant, her brother-in-law, as her assailant. She had known him "about three years." When she locked herself in the bathroom of her trailer, the defendant, whom she had first observed standing in her bedroom doorway completely naked, tried to force open the bathroom door with a knife which she saw. Jones spoke and she recognized his voice. Cheryl Driscoll, a neighbor, saw the defendant sitting in his truck in front of Ms. Hays' trailer at the approximate time of the offense. There was undisputed evidence that a window in the trailer was broken and the bathroom door was damaged.
At the close of the State's case, there was no motion for a directed verdict of acquittal or motion to exclude the State's evidence. Jones' defense was alibi. Two witnesses testified that the defendant was at home when the burglary and assault allegedly occurred.
On the State's rebuttal, Ms. Hays' father testified that the day after the burglary he found a watch near Ms. Hays' trailer. He gave the watch to Blount County Deputy Sheriff Clint Sherrill, who showed it to the defendant's wife, who identified it as being the defendant's watch.
The only issue in this case was identity. The testimony of Ms. Hays was sufficient to create a jury question. The fact that no knife was introduced at trial and the fact that Ms. Hays initially saw the defendant naked and unarmed and only saw the knife when the defendant tried to force open the bathroom door do not render insufficient the evidence and proof of the use of a deadly weapon as an element of burglary in the first degree. "[T]he number of witnesses in a criminal trial is not the basis for determining the issue of guilt since a fact may be established as firmly by the testimony of one witness as by the testimony of an entire community." White v. State,410 So.2d 135, 137 (Ala.Cr.App. 1981).
Ms. Hays described the defendant's truck as "black". Mrs. Driscoll testified that it was "dark green" and that she had seen the defendant in that truck "about ten times." The fact that other witnesses described the truck as "black" with a "white tailgate" does not render the identification of the defendant insufficient.
"[T]he fact that witnesses for the prosecution contradict or give evidence tending to impeach one another does not preclude a verdict being based on the testimony of such of them as may be believed." 23 C.J.S. Criminal Law § 905 (b) (1961). Where the testimony of two witnesses relates to the same occurrence, the statement of either can be looked at by the jury. Hurstonv. State, 235 Ala. 213, 216, 178 So. 223 (1938). "The jury may disregard the evidence of [a prosecution] witness without necessarily acquitting defendant. It is their province to convict him if the whole of the evidence, taken together, is sufficient even though the chief witness for the state may have willfully sworn falsely as to a material fact." McCoy v. State,232 Ala. 104, 107, 166 So. 769 (1936). "[A] jury may believe part of the evidence of a witness and reject part." Cochran v.State, 42 Ala. App. 144, 147, 155 So.2d 530, cert. denied,275 Ala. 693, 155 So.2d 533 (1963). "In order to convict the defendant the jury *Page 717 
was not required to accept as true every statement of the witnesses." Freeman v. State, 37 Ala. App. 623, 630,74 So.2d 513, cert. denied, 261 Ala. 697, 74 So.2d 520 (1954). "Conflicting evidence should be reconciled by the jury, if possible, and if they can not reconcile it, they may base their verdict on that part of the testimony which they consider worthy of credit, and reject that which they deem to be unworthy of belief. Inconsistencies and contradictions in the testimony of a witness do not make it inherently improbable."Arnold v. State, 33 Ala. App. 146, 147, 30 So.2d 587 (1947). "It is not the law that mere contradicting statements or declarations of a witness are sufficient to raise a reasonable doubt in the minds of the jury as to the truth of the testimony of a witness." Walters v. State, 24 Ala. App. 370, 373,135 So. 600 (1931).
 "The inconsistencies may impair the credibility of the witness and reduce the weight of the testimony, but they do not destroy the probative force of the testimony as a matter of law — the weight to be given such testimony is for the trier of fact to determine." 30 Am.Jur.2d Evidence § 1082 (1967).
"A duty devolves upon the jury, if it can be done, to place that construction upon the evidence which makes all witnesses speak the truth." Clements v. State, 19 Ala. App. 640, 641,99 So. 832 (1924).
 IV
The chain of custody of the watch was sufficient to authorize its admission into evidence even had proper objection been made. Here, when the State moved to introduce the watch, defense counsel stated, "No objection." We do not consider this a basis for application of the plain error doctrine simply because there was no error in the admission of the watch.
 V
The defense was alibi. There was no rational basis for a verdict of the lesser included offense of burglary in the second degree. "When, as in this instance, the only defense is one of alibi, a defendant is not entitled to instructions on lesser included offenses. Alldredge v. State, 431 So.2d 1358
(Ala.Crim.App. 1983)." Ex parte Curry, 471 So.2d 476 (Ala. 1984).
 VI
The defendant was sentenced as a habitual offender to life imprisonment without parole.
The State properly notified the defendant that it would prove eleven prior felony convictions at the sentencing hearing. The trial court considered nine of those convictions in sentencing.
On March 26, 1974, the defendant pled guilty to separate cases of grand larceny and burglary; on January 28, 1977, to six cases of grand larceny and burglary and to one case of burglary. At the sentencing hearing, defense counsel argued that the 1977 offenses "occurred on the same occasion. He was a young man, drinking a little bit and went down and kicked in nine doors. They have nine felonies that occurred on the same date within two hours."
The defendant was properly sentenced as a habitual offender even though several of his prior convictions were imposed on the same day, Watson v. State, 392 So.2d 1274, 1279
(Ala.Cr.App. 1980), cert. denied, Ex parte Watson,392 So.2d 1280 (Ala. 1981), and arose out of a common event or occurrence. Seritt v. State, 401 So.2d 248, 250-51
(Ala.Cr.App.), cert. denied, Ex parte Seritt, 401 So.2d 251
(Ala. 1981). This Court has consistently and repeatedly held that Alabama's Habitual Felony Offender Act is not an ex post facto law. See the authorities cited in the annotations following Alabama Code 1975, § 13A-5-9.
 VII
Applying the principles of Solem v. Helm, 463 U.S. 277,103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), we find that the defendant's sentence is not disproportionate to the crime and is not in violation of the Eighth *Page 718 
Amendment to the Constitution of the United States. See generally, Annot., 33 A.L.R.3d 335, § 7 (1970).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.