Junior Mack Kirby petitioned for post-conviction relief under Rule 32, A.R.Crim.P., arguing that he had been denied the right to effective assistance of counsel because at his trial his attorney had failed to object to the definition of "reasonable doubt" given by the judge to the jury. Rule 32.7(d) Ala.R.Crim.P. In light of the recent United States Supreme Court decision in Victor v. Nebraska, ___ U.S. ___,114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), we initially granted certiorari review in order to re-examine our own definition of reasonable doubt. We now quash the writ as improvidently granted, but with the following cautionary statements.
"The government must prove beyond a reasonable doubt every element of a charged offense. In re Winship, 397 U.S. 358,90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Although this standard is an ancient and honored aspect of our criminal justice system, it defies easy explication." Victor, ___ U.S. at ___,114 S.Ct. at 1242, 127 L.Ed.2d at 590. At Kirby's trial, the court instructed the jury as follows:
 "What is a reasonable doubt? You remember that I told you the burden is on the State to prove the defendant's guilt beyond a reasonable doubt. That phrase is somewhat self-explanatory, and our efforts as judges to try to clarify it do not always [succeed] in doing so. It may help you some to know that the doubt which would justify an acquittal must be an actual and a substantial doubt and not a mere possible doubt. A reasonable doubt is not a mere guess, and it's not a forced doubt. If after considering all the evidence in the case you have an abiding conviction of the truth of the charge, then you are convinced beyond a reasonable doubt and it would be your duty to convict the defendant. The reasonable doubt which entitles an accused to an acquittal is not a mere fanciful or a vague or a conjectural or a speculative doubt, but it is a reasonable, substantial doubt arising from the evidence and one which remains after careful consideration of the evidence. Such doubt as a reasonable, fair-minded and conscientious person would entertain under all the circumstances. You will observe that the State is not required to convince you of the defendant's guilt beyond all doubt, but beyond a reasonable doubt and to a moral certainty.
 "If after comparing and considering all the evidence in this case, your minds are left in such a condition that you cannot say that you have an abiding conviction to a moral certainty of the defendant's guilt, then you are not convinced beyond a reasonable doubt, and the defendant would be entitled to an acquittal."
Although the charge in this case is not entirely free from the inconsistency and circularity that the Victor Court objected to as being unhelpful, it appears to comply with the due process requirements of the Fifth and Fourteenth Amendments to the United States Constitution, and with the corresponding requirements of Sections 6, 7, and 11 of the Alabama Constitution of 1901. We cannot fault Kirby's attorney for failing to object to a charge that was, at the time, completely proper and that conformed with Alabama Pattern JuryInstructions: Criminal. See, Parker v. State, 516 So.2d 859
(Ala.Cr.App. 1987); see also, Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
WRIT QUASHED AS IMPROVIDENTLY GRANTED. *Page 589 
HORNSBY, C.J., and MADDOX, ALMON, SHORES, STEAGALL, KENNEDY, INGRAM and COOK, JJ., concur.