DeCARLO, Judge.
Appellant was convicted of rape and sentenced to ten years, with one year to be served in the penitentiary and nine years to be served on probation.
The State’s evidence showed that on the evening of September 14, 1979, the prosecu-trix was waiting for a bus on a street corner in downtown Birmingham, when appellant and one Michael Brown forced her into their automobile and drove her to appellant’s house. They beat her about the face with a coke bottle, dragged her into the bedroom, repeatedly raped her, and forced her to perform unnatural sex acts. The prosecutrix resisted and, at one point, stabbed appellant with a pen, leaving a small red mark on his abdomen.
Upon being released by appellant and Brown, the prosecutrix went home and reported the incident to her mother, who called the police. The victim’s mother stated that her daughter was hysterical and her face was swollen.
That same evening, Officer Donald W. Toole took the prosecutrix to appellant’s house, where she made a positive identification of appellant as her assailant. Officer Toole observed a red mark on appellant’s abdomen and a coke bottle on the bedroom floor. The prosecutrix told Officer Toole that both appellant and Brown had penetrated and ejaculated inside her. At trial, the prosecutrix testified that she did not know whether appellant had ejaculated.
Mr. Kevin Noppinger, serologist with the State Department of Forensic Sciences, testified that from tests he performed on biological specimens taken from appellant and from the victim, there was no indication that appellant had had sexual intercourse with the prosecutrix. The tests confirmed, however, that a person with the same secretion characteristics as Michael Brown had had intercourse with the victim.
Appellant testified in his own behalf and admitted giving the prosecutrix a ride home on the night in question, but stated that she got in the car voluntarily. He testified that he, Michael Brown, and the prosecutrix *325 went to his (appellant’s) house and drank some gin. The appellant denied raping the prosecutrix or having any sexual relations at all with her.
I
Appellant claims that the evidence was insufficient to warrant his conviction. Specifically, he argues that the victim’s inconsistent statements concerning whether or not he ejaculated, taken together with the serologist’s testimony that there was no medical evidence confirming his sexual attack on the prosecutrix, indicate the proof was insufficient to convict him of rape.
Accepting as true the evidence introduced by the State, as we are bound to do under the law in Alabama, Lawrence v. State, Ala.Cr.App., 387 So.2d 318 (1980), it is clear beyond question that the State proved the offense of rape. See Smith v. State, Ala.Cr.App., 345 So.2d 325 (1976), cert. quashed, Ala., 345 So.2d 329 (1977). Whether or not appellant climaxed is immaterial. Emission is not an element of the offense of rape. Waller v. State, 40 Ala. 325 (1867).
II
Appellant contends that the trial court erred in overruling his motion to suppress testimony concerning a prior conviction.
In 1973, when appellant was seventeen years old, he was tried as an adult and convicted of petit larceny. A conviction for petit larceny is admissible for impeachment purposes because it is a crime involving moral turpitude. See Ala.Code § 12-21-162(b) (1975); Caldwell v. State, 282 Ala. 713, 213 So.2d 919 (1968); Payne v. State, 261 Ala. 397, 74 So.2d 630 (1954).
Nevertheless, appellant argues that his prior conviction should have been inadmissible because juvenile court adjudications cannot be introduced to impeach a witness, see Green v. State, Ala.Cr.App., 352 So.2d 1149 (1977), and at the time he was tried for the instant offense, the juvenile age was eighteen, see Ala.Code § 12-15-1 (1975).
Regardless of the juvenile age at the time of the appellant’s trial in 1980, the fact remains that, at the time of his former conviction in 1973, the juvenile age was sixteen, See Ala.Code T. 13, § 350 (1958), and he was then tried and convicted as an adult. His former conviction, therefore, was not a juvenile adjudication, and was not inadmissible to impeach him.
Ill
Appellant testified in his own behalf to a very detailed recollection of the events the night of September 14, 1979. On cross-examination the State asked him whether he remembered making a statement to Sergeant George Grubbs of the Birmingham Police Department indicating that he had only the vaguest memory of the incident. The appellant admitted making the statement but not signing it, and the State did not offer the writing in evidence.
Appellant now insists that the trial court erred in permitting the State to cross-examine him from the statement. Appellant complains that, prior to questioning him from the writing, the prosecution did not allow him to read the statement and did not lay the proper predicate regarding the time, place, and circumstances of making the statement.
Initially we note that, prior to impeachment, a witness must be shown a writing only if the witness (1) wrote the writing, (2) signed the writing, or (3) the writing contains sworn testimony of the witness. Parker v. State, 266 Ala. 63, 94 So.2d 209 (1956); Gamble, McElroy’s Alabama Evidence, § 158.01(2) (3d ed. 1977). Thus, since appellant had not signed or otherwise approved the statement made to Sergeant Grubbs, there was no requirement that he be shown the statement prior to cross-examination from it.
In addition, since appellant admitted making the statement and the State did not attempt to introduce it in evidence, there was no requirement that appellant be asked the customary predicate questions regarding the circumstances of its making. See Gamble, supra at § 157.01(1).
*326 The record reveals, however, that not only was appellant shown the statement at trial, but he was also asked if he “recalled having this conversation on or about the 17th of September, 1979, around 11:40 A.M.” In addition, he was asked whether, prior to questioning by Sergeant Grubbs, he was informed of his rights, or forced or induced in any way to make a statement. It is clear from the record that there was no error in the cross-examination of appellant.
We have searched the record for error and have found none; therefore, the judgment and conviction of the circuit court of Jefferson County is affirmed.
AFFIRMED.
All the Judges concur.