Andris Jacob Grikis was convicted for the unlawful possession of marijuana, sentenced to three years' imprisonment, granted probation, and fined $5,000. On this appeal from that conviction, he raises one issue.
There were four counts in the indictment returned against the defendant: Count one — unlawful sale of marijuana on October 8, 1986; Count two — unlawful possession of marijuana on October 8, 1986; Count three — unlawful sale of marijuana on October 10, 1986; Count four — unlawful possession of marijuana on October 10, 1986.
The jury acquitted the defendant of counts one, two, and three, but convicted him on count four. The defendant argues that the jury's not guilty verdict on count three necessitated a not guilty verdict on count four. He contends that his conviction should be reversed because the verdicts are inconsistent.
This issue has not been preserved for review. The record contains no objection to the jury's verdicts.
The general rule is that there need be no rational compatibility or consistency between the verdicts on the several counts of an indictment. The exception to this rule is where the jury returns multiple convictions as to crimes which are mutually exclusive of each other. Conway v. State,489 So.2d 641, 642 (Ala.Cr.App. 1986) (Verdicts of not guilty of kidnapping and guilty of felony-murder were mutually exclusive. Verdicts of not guilty of intentional murder but guilty of manslaughter and guilty of felony-murder were not mutually exclusive.). See also Smelcher v. State, 520 So.2d 229, 232
(Ala.Cr.App. 1987) (verdicts of guilty of rape but not guilty of sodomy not inconsistent); Oden v. State, 41 Ala. App. 212,215, 127 So.2d 380 (1961) ("On review we cannot treat the two counts as charging an indivisible crime or even yoked offenses." No error found because of a conviction for making or distilling alcoholic liquors and acquittal for possession of a still.).
In this case, the jury could have legitimately and reasonably found that the defendant was entrapped into selling the marijuana but was guilty of the possession charge. The verdicts were neither inconsistent nor mutually exclusive. *Page 188 
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.