The appellant was indicted for the offenses of burglary in the first degree, rape in the first degree, and sodomy in the first degree. He was convicted of rape in the first degree and sodomy in the first degree, but was found not guilty of the charge of burglary in the first degree. He was sentenced, pursuant to the Habitual Felony Offender Act, to life without parole on both convictions.
 I
The appellant argues that the trial court abused its discretion by sustaining the State's objection to defense counsel's cross-examination of the victim's 10-year-old daughter. The record indicates that the following transpired at trial:
 "[DEFENSE COUNSEL]: How many times, [victim's daughter], have you talked to the people downstairs or the prosecutor about what you were going to testify to? Have you practiced it?
"[PROSECUTOR]: I object to the term 'practice'.
"THE COURT: Sustained. Rephrase your question.
 "[DEFENSE COUNSEL]: How many times have you talked to someone about this case other than your mom?
"A: Once.
"Q: Pardon me?
"A: Once.
"Q: Have you talked to anybody today?
"A: My mom."
The appellant argues that the trial court's limitation of his cross-examination, by not allowing him to use the phrase "practice," prejudiced him by causing him to be unable to demonstrate the witness's bias or prejudice or to impeach the witness's credibility. The appellant's argument is without merit; moreover, because of the failure to make an offer of proof as to the expected testimony of the witness, this issue is not preserved for review. *Page 875 Baker v. State, 477 So.2d 496, 503 (Ala.Cr.App. 1985), and cases cited therein.
 II
The appellant argues that the jury's verdicts of guilty of rape and sodomy in the first degree and not guilty of burglary in the first degree were mutually exclusive, because the alleged burglary involved the same underlying felonies. The appellant cites Grikis v. State, 552 So.2d 187 (Ala.Cr.App. 1989), in support of his argument. However, this issue has not been preserved for review, as the appellant failed to object to the jury's verdicts. McCrary v. State, 398 So.2d 752, 756
(Ala.Cr.App.), cert. denied, 398 So.2d 757 (Ala. 1981).
Moreover, the jury's verdict finding the appellant not guilty of burglary in the first degree, but guilty of rape and sodomy in the first degree, are not mutually exclusive. The jury could have reasonably found that the appellant did not break and enter the victim's home when he committed the offenses of rape and sodomy. See Grikis v. State, 552 So.2d 187 (Ala.Cr.App. 1989), for cases in which the jury verdicts were neither inconsistent nor mutually exclusive.
 III
The appellant argues that he was improperly sentenced pursuant to the Habitual Felony Offender Act because one of the State's exhibits did not affirmatively show that he was attended by counsel at the time the plea was entered. The record indicates that the appellant was sentenced under the Alabama Habitual Felony Offender Act on the basis of three prior felony convictions.
During the trial, the appellant took the stand and testified on direct examination as follows:
 "[DEFENSE COUNSEL]: Don't you have a conviction for — I believe you were — I'm not sure about the Illinois thing — forgery and theft of property?
 "A: I was convicted on the time I'm serving now, a ten-year sentence for receiving stolen property. Well, I pled guilty to receiving stolen property and in Illinois, about ten years ago, when I was about 18 years old, I had a theft charge.
 "Q: And you were charged with some type of forgery, weren't you, up there?
 "A: Well, at first they had charged me with forgery because I had a checking account and I had written some checks —
 "[PROSECUTOR]: Judge, I'm going to object to the substance of his testimony.
"THE COURT: Sustained.
 "[DEFENSE COUNSEL]: Well, Dwight, the point I'm trying to make is the fact as I have told you, there are two certified copies of convictions from Illinois from years ago.
"A: Uh-huh.
 "Q: And you don't deny you were convicted up there, do you?
"A: No, I don't deny it.
"Q: You pled guilty?
"A: Yes, sir.
"Q: You pled guilty because you were guilty?
"A: Yes, sir.
 "Q: You pled guilty to this receiving stolen property out in Bessemer?
"A: Yes, sir.
"Q: Because you were guilty?
"A: Yes, sir."
This court has said that "A defendant's admission is a proper method of proving a prior conviction for purposes of the Habitual Felony Offender Act." Faircloth v. State,471 So.2d 485, 493 (Ala.Cr.App. 1984), affirmed, 471 So.2d 493 (Ala. 1985), and see cases cited therein. Therefore, the Habitual Felony Offender Act was properly applied in this case.
 IV
The appellant argues that there was insufficient evidence to support his convictions for rape and sodomy. The appellant argues that the State failed to prove this case because there was no evidence of a breaking into the victim's home; however, breaking and entering is not an element of rape or sodomy. The appellant further argues that the victim's testimony that he *Page 876 
ejaculated during the sexual intercourse was contradicted by the results of the victim's pelvic exam, indicating no trauma to her private parts and no presence of sperm. He also argues that the lack of pubic hairs which were identified as his and the lack of semen from her undergarments or clothing proved that the crimes were not committed. The appellant also argues that the fact that there was evidence that he suffers with gonorrhea, while the victim's medical examination returned a negative test result for venereal disease, further demonstrates that he did not commit the offenses. However, the expert testimony revealed that if a male with gonorrhea has sex with a female who does not have the disease, there is only a 50 percent chance that the female will contract the disease.
In Parker v. State, 516 So.2d 859, 862 (Ala.Cr.App. 1987), the defendant argued that he was incapable of performing sexual intercourse and therefore should not have been convicted of rape in the first degree. This court stated:
 "As to appellant's assertion that he was incapable of performing sexual intercourse, the testimony proffered deals with probabilities and not absolutes. The chances were that the victim would more than likely have contracted herpes, not that she inevitably would have caught the disease. The expert testimony was that the outbreak of herpes did not make it impossible for the appellant to commit the act. Additionally, the absence of semen or hair samples does not necessarily prove that sexual intercourse did not take place. 'Whether or not appellant climaxed is immaterial. Emission is not an element of the offense of rape.' Thomas v. State, 403 So.2d 323, 325 (Ala.Cr.App. 1981). Where there is evidence of lack of intercourse, as well as evidence of guilt, it is for the jury to sort out the evidence and give it just such weight as they believe it deserves. We will not substitute our decision for that of the jury. Gossett v. State, 451 So.2d 437
(Ala.Cr.App. 1984); Barnes v. State, 445 So.2d 995
(Ala.Cr.App. 1984); Atwell v. State, 432 So.2d 22
(Ala.Cr.App. 1983).
 " 'Conflicting evidence should be reconciled by the jury, if possible, and if they cannot reconcile it they may base their verdict on that part of the testimony which they consider worthy of credit, and reject that which they deem to be unworthy of belief. . . . Arnold v. State, 33 Ala. App. 146, 147, 30 So.2d 587 (1947).'
 "Jones v. State, 469 So.2d 713, 717 (Ala.Cr.App. 1985)."
The victim testified that the appellant put his penis into her mouth at knife point. She also testified that his penis penetrated her, while he had the knife in his hand. She testified that he held the knife pressed against her neck. A male commits the crime of rape in the first degree if he "engages in sexual intercourse with a female by forcible compulsion." Section 13A-6-61(a)(1), Code of Alabama (1975). The crime of sodomy in the first degree is committed when a person "engages in deviate sexual intercourse with another person by forcible compulsion." Section 13A-6-63(a)(1), Code ofAlabama (1975). The victim's testimony provided sufficient evidence to present to the jury and to support the jury's verdict. Williams v. State, 535 So.2d 225 (Ala.Cr.App. 1988);Barger v. State, 562 So.2d 650 (Ala.Cr.App. 1989), cert. denied, 562 So.2d 656 (Ala. 1990).
AFFIRMED.
All the Judges concur.