SHAW, Judge,
concurring in part and dissenting in part.
I concur to affirm Eric Rodney Ham-monds’s convictions and sentences for second-degree assault in cases no. CC-04-3841 and no. CC-04-3842 and for leaving the scene of an accident in case no. CC-04-3843. However, I would not reverse Hammonds’s conviction for reckless murder in case no. CC-04-3840; therefore, I respectfully dissent as to that part of the majority opinion.
The majority holds that by finding Ham-monds guilty of the lesser-included offense of second-degree assault in cases no. CC-04-3841 and no. CC-04-3842, the jury implicitly acquitted Hammonds of first-degree assault in both of those cases. The majority then states:
“Thus, although the jury found that the appellant acted recklessly in cases no. CC-04-3841 and no. CC-04-3842, it also implicitly found that he did not act under circumstances manifesting an extreme indifference to human life and that he did not engage in conduct that created a grave risk of death to another person. Therefore, the jury found two distinct degrees of culpability for one course of conduct that arose from one set of circumstances, and the verdict in case no. CC-04-3840 was inconsistent with the verdicts in cases no. CC-04-3841 and no. CC-04-3842. Cf. Carter [v. State, 843 So.2d 812 (Ala.2002) ]. Because the jury implicitly acquitted the appellant of acting under circumstances manifesting an extreme indifference to human life and of engaging in conduct that created a grave risk of death to another in cases no. CC-04-3841 and no. CC-04-3842, he could not be found guilty of acting under circumstances manifesting an extreme indifference to human life and engaging in conduct that created a grave risk of death to another in case no. CC-04-3840.”
7 So.3d 1048 (footnote omitted). I disagree.
Under § 13A-2-2(3), Ala.Code 1975, “[a] person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists.” Thus, within the context of the facts of this case, Hammonds’s act of driving his vehicle on the public roads while under the influence of alcohol created a set of circumstances that manifested extreme indifference to human life. Death and serious physical injury to others were the con sequences of the set of circumstances created by Hammonds’s act of driving his vehicle while under the influence of alcohol. Hammonds acted recklessly with respect to that result or to that set of circumstances by consciously disregarding the known substantial and unjustifiable risks that were associated with driving his vehicle while under the influence of alcohol.
Therefore, within the factual context of this case, both §§ 13A-6-2(a) and 13A-6- *1053 20(a), Ala.Code 1975, contemplate that, in order to be culpable, Hammonds had to 1) consciously disregard the known substantial and unjustifiable risks to the public at large that were associated with driving his vehicle on the public roads while under the influence of alcohol; 2) drive his vehicle while under the influence of alcohol; 3) in doing so, create a grave risk of death to someone other than himself; and 4) thereby cause the death of, or serious physical injury to, another person. That being said, I cannot agree, based on my review of the record, that the verdict in case no. CC-04-3840 (finding Hammonds guilty of reckless murder) is necessarily irreconcilable with the verdicts in cases no. CC-04-3841 and no. CC-04-3842 (finding Ham-monds guilty of second-degree assault). The majority premises its conclusion in that regard on the fact that the jury acquitted Hammonds of first-degree assault and, therefore, according to the majority, must have made irreconcilable findings as to the existence of circumstances manifesting extreme indifference to human life, or to the value of human life, and as to whether a grave risk of death to another person was created by Hammonds’s conduct. Although the majority is correct that the jury’s verdicts may reflect conflicting and irreconcilable findings of fact, I do not believe that the verdicts necessarily reflect conflicting and irreconcilable findings.
The indictment charging Hammonds with the reckless murder of Rita Michelle Broglen reads as follows:
“The GRAND JURY of said County charge, that, before the finding of this indictment Eric Rodney Hammonds whose name is to the Grand Jury otherwise unknown than as stated, did, under circumstances manifesting extreme indifference to human life, recklessly engage in conduct which created a grave risk of death to other persons, and thereby cause the death of Rita Michelle Broglen, to-wit: driving under the influence of alcohol and crossing the center line of the road and striking the vehicle driven by Stephanie Norman in which Rita Michelle Broglen was a passenger, in violation of § 13A-6-2(a)(2) of the Code of Alabama, against the peace and dignity of the State of Alabama.”
(C. 25; emphasis added.) The indictment charging Hammonds with the first-degree assault of Stephanie Norman reads as follows:
“The GRAND JURY of said County charge, that, before the finding of this indictment Eric Rodney Hammonds whose name is to the Grand Jury otherwise unknown than as stated, did with extreme indifference to the value of human life, ... recklessly engaged in conduct which created a grave risk of death to Stephanie Norman, and thereby caused serious physical injury to Stephanie Norman by driving under the influence of alcohol and crossing the center line and striking the vehicle that was being driven by Stephanie Norman, in ■violation of § 13A-6-20(a)(3) of the Code of Alabama, against the peace and dignity of the State of Alabama.”
(C. 27; emphasis added.) Likewise, the indictment charging Hammonds with the first-degree assault of Elisha Danielle Allison reads as follows:
“The GRAND JURY of said County charge, that, before the finding of this indictment Eric Rodney Hammonds whose name is to the Grand Jury otherwise unknown than as stated, did with extreme indifference to the value of human life, ... recklessly engaged in conduct which created a grave risk of death to Elisha Danielle Allison, and thereby caused serious physical injury to Elisha Danielle Allison by driving under the *1054 influence of alcohol and crossing the center line and striking the vehicle that was being driven by Stephanie Norman in which Elisha Danielle Allison was a passenger, in violation of § 13A-6-20(a)(3) of the Code of Alabama, against the peace and dignity of the State of Alabama.”
(C. 29; emphasis added.)
Contrary to the specific language used in the indictments charging first-degree assault, which the trial court read to the jury as part of its instructions on the law, the trial court instructed the jury that in order to find Hammonds guilty of first-degree assault, it had to find that Ham-monds had recklessly engaged in conduct that created a grave risk of death to “another person.” (R. 639-40, 643-44.) The jury may or may not have been confused by the discrepancy between the language of the indictments, on the one hand, which specifically charged Hammonds with creating a grave risk of death to Stephanie Norman and Elisha Danielle Allison, and the trial court’s instructions, on the other, which, as a prerequisite to a finding of first-degree assault, required the jury to find that Hammonds had created a grave risk of death to “another person.” I have no way of knowing for sure. However, based on the particular facts of this case, it is at least plausible to me, and, I suspect, more probable than not, that the jury found all of the elements of reckless murder to have been proven beyond a reasonable doubt, but declined to find Hammonds guilty of first-degree assault because it was not persuaded by the evidence that Hammonds’s reckless conduct, although engaged in under circumstances manifesting extreme indifference to human life, created a grave risk of death specifically to Stephanie Norman and Elisha Danielle Allison. In other words, unable to find that Hammonds’s conduct created a grave risk of death to Stephanie Norman and Elisha Danielle Allison, the jury opted, as it was instructed it could do, to find Hammonds guilty of second-degree assault as a lesser-included offense.
The verdicts in this case may be inconsistent; however, consistency is not necessary. As the Alabama Supreme Court cautioned in Carter v. State, 843 So.2d 812 (Ala.2002):
“In Hammond v. State, 497 So.2d 558, 563 (Ala.Crim.App.1986), the Court of Criminal Appeals explicitly adopted the guidelines of the United States Supreme Court in Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), concerning the review of inconsistent verdicts by an appellate court. This Court granted certiorari review, then quashed the writ. In Dunn, the Supreme Court stated:
“ ‘[Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment....
[[Image here]]
“ ‘That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters.’
“284 U.S. at 393-94, 52 S.Ct. 189 (citations omitted). Thus, ‘[t]he general rule is that there need be no rational compatibility or consistency between the verdicts on the several counts of an indictment. The exception to this rule is where the jury returns multiple convictions as to crimes which are mutually exclusive of each other.’ Childs v. State, 552 So.2d 187,187 (Ala.Crim.App.1989).”
843 So.2d at 814.
As I noted earlier, the jury may or may not have misunderstood the trial court’s instructions, which, as a prerequisite to a *1055 finding of first-degree assault, required a finding that Hammonds had created a grave risk of death to someone other than Stephanie Norman and Elisha Danielle Allison. However, verdicts should not be upset by speculation or inquiry as to whether they may have been the result of mistake or compromise.
Viewing this case in the abstract, as the majority does, it could be said that the jury’s rejection of the first-degree assault charges is “necessarily” inconsistent with its finding of reckless murder. However, in my view, based on the evidence presented at trial and the manner in which the jury was instructed on the “grave-risk-of-death” element of first-degree assault, the jury’s verdicts in this case appear to be grounded in common sense and logic. With the record in this posture, I cannot say that the jury returned multiple verdicts as to crimes (i.e., reckless murder and second-degree assault) that are mutually exclusive of each other.
WISE, J., concurs.